COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| MARCUS ANTHONY MARTINEZ, | § | |
| | | No. 08-12-00058-CR |
| Appellant, | § | |
| | | Appeal from the |
| v. | § | |
| | | Criminal District Court Number Three |
| THE STATE OF TEXAS, | § | |
| | | of Tarrant County, Texas |
| Appellee. | § | |
| | | (TC#1212239D) |
| | § | |

# **O P I N I O N**

Appellant was charged by indictment of committing the offense of aggravated sexual assault of IM, a child under fourteen years of age (Count I) and indecency with IM, a child younger than seventeen years of age (Count II).[1]  After pleading not guilty, a jury returned a verdict finding Appellant guilty of both counts.   After it entered judgment on the jury's verdict, the trial court sentenced Appellant to six years' confinement for each count, to be served concurrently. Appellant complains on appeal that the trial court erred in its evidentiary rulings.   We affirm.

## **BACKGROUND**

We restrict our background discussion to the portions of the record on which Appellant

---

[1]  As this case was transferred from our sister court in Fort Worth, we decide it in accordance with the precedent of that court. TEX. R. APP. P. 41.3.

bases his allegations of trial court error in the admission or exclusion of evidence.

Appellant initially directs us to a colloquy wherein Detective Christy Martinez explained that it is very common for children to delay their disclosure of abuse and that it is common, even for teenagers, to not recognize an event as abuse. When Detective Martinez specified that there was a one-month delay in outcry in the instant case and noted that the family had communicated about it but did not want to exacerbate the situation, she also opined that "the kids are probably thinking that this [abuse] is okay." The trial court sustained Appellant's speculation objection to the last portion of Detective Martinez's testimony.

On cross-examination, Appellant asked Detective Martinez if there were some accusations against a neighbor and IM. The trial court sustained the State's objections made on the basis of hearsay and relevance. Appellant then asked Detective Martinez if she was aware of issues regarding a neighbor and IM. The trial court sustained the State's objection regarding the court's previous ruling and granted the State's request to instruct the jury to disregard Appellant's last question and the witness's answer.[2] Appellant made no offer of proof regarding the excluded evidence.

When Appellant informed the trial court that it desired to introduce the names of alleged perpetrators and alleged victims identified in the report of Child Protective Services Investigator Teressa Norris, the State objected to the introduction of the report, and the trial court directed, "[w]e are not there yet, so just go ahead." On cross-examination, Appellant elicited testimony that Ms. Norris' report listed IM as an alleged victim but also ruled out IM as an alleged victim and Appellant as an alleged perpetrator. The trial court sustained the State's objection to the introduction of the report unless the entire report was offered under the rule of optional

---

[2] The witness did not provide an answer.

completeness. TEX. R. EVID. 107. On redirect examination, Ms. Norris testified that her statement in the report that Appellant had been ruled out as an alleged perpetrator was made because two CPS investigations, one in Tarrant County and another in Dallas County, had been erroneously opened in the case, and one of them should have been administratively closed. Ms. Norris explained that the "ruled out" designation on the Tarrant County CPS investigation reports is misleading because the Dallas County investigator ultimately determined there was reason to believe that sufficient information existed to indicate that IM had been abused. After the State explained that Appellant's counsel had presented evidence that Ms. Norris was the custodian of records and was testifying to the business-records affidavit predicate for Dallas County CPS Investigator Patricia Cruz's report, the trial court overruled Appellant's objection that it would not have an opportunity to cross-examine Cruz, who was not present to testify.

IM's counselor, Peyton Stewart, linked IM's anger issues to Appellant's abuse, and the trial court overruled Appellant's objection to improper expert opinion testimony and hearsay. Stewart testified that there were several causes of IM's anger, including immediate family concerns, a poor, strained relationship with his parents, and in large part, "being the victim of a molestation." When the State asked Mr. Stewart whether he had discussed with IM his inability to stop thinking about the sexual abuse, the trial court overruled Appellant's hearsay objection. Mr. Stewart answered that IM said he felt sick inside and just wanted to be alone.

On cross-examination, Appellant asked Mr. Stewart if he agreed that other counselors' notes mentioned that IM was known to lie and liked to play with fire. After the State objected that this question violated the motion in limine regarding IM and any alleged bad acts, Appellant conducted a voir dire examination of Mr. Stewart outside the presence of the jury. Appellant

3

asked Mr. Stewart to identify the issues for which he was counseling IM. When Mr. Stewart answered that they were really symptoms and he believed "they all had kind of the same root based on the molestation[,]" to include anger, defiance, and in some cases fighting, Appellant asked Mr. Stewart if he was aware that IM "had these issues prior to July 2010." Mr. Stewart stated that he was not aware that these issues existed before. Appellant's counsel then stated to the trial court, "I won't go into that any more . . . [t]hose questions were asked of him in order to make a medical determination as to what treatment he needed." The trial court sustained the State's objection to Appellant's question about IM being known to lie and play with fire, and granted the State's request to instruct the jury to disregard the question.

## DISCUSSION

Appellant raises two issues on appeal. In Issue One, Appellant complains the trial court erred by permitting the State to present evidence in a false light. In Issue Two, Appellant asserts the trial court erred when it prohibited him from inquiring into IM's sexual history as a possible explanation for IM's claims.

The State counters that Appellant has failed to preserve both complaints for our review by failing to raise them in the trial court below, and asserts that Appellant never made an offer of proof to preserve the excluded testimony that he sought to elicit at trial. The State also contends that Appellant's issues on appeal fail to comport with the objections he made in the trial court. Last, the State argues that because Appellant's issues embrace more than one specific ground on appeal, they are multifarious and should be rejected.

In reply, Appellant asserts that "it is clear that the trial court and the State were aware of the issues raised by defense counsel." He argues that the trial court's evidentiary rulings erroneously

4

permitted the State to present evidence in a "false light" and barred the admittance of relevant evidence which was harmful. Appellant also contends that the record clearly reflects that he preserved the errors of which he complains on appeal, that by his counsel's line of questioning he sought to elicit evidence that would show Appellant was not the source of the complainant's psychological trauma, and that he attempted to show the complainant previously had been assaulted. Appellant argues that the issues he has raised on appeal do not involve multiple legal theories, and posits that he was denied the opportunity to place before the jury a "full picture of the offense," by which he suffered manifest harm warranting a new trial.

*Preservation of Error*

We first consider the State's contentions that Appellant has failed to preserve for our review the trial court errors alleged on appeal.

To preserve error for our review, a party must object and state "the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context." TEX. R. APP. P. 33.1(a)(1)(A). While no "hyper-technical or formalistic use of words or phrases" is required in order for an objection to preserve an error, the objecting party must still "'let the trial judge know what he wants, why he thinks he is entitled to it, and to do so clearly enough for the judge to understand him at a time when the judge is in the proper position to do something about it.'" *Pena v. State,* 285 S.W.3d 459, 464 (Tex.Crim.App. 2009), *quoting Lankston v. State*, 827 S.W.2d 907, 909 (Tex.Crim.App. 1992). Rule 33.1 also requires for the preservation of error that the trial court has ruled on the request, objection, or motion, either expressly or implicitly, or has refused to rule on the request, objection, or motion, and the complaining party objected to the

5

refusal.  Tex. R. App. P. 33.1(a)(2)(A), (B).

To preserve error regarding the exclusion of evidence, the substance of the evidence must be made known to the court through an offer of proof or otherwise be apparent from the context of the questioning.  Tex. R. Evid. 103(a)(2); *see Reyna v. State*, 168 S.W.3d 173, 176-77 (Tex.Crim.App. 2005).  An offer of proof may be in question-and-answer form or may consist of a concise statement by counsel.  *Mays v. State*, 285 S.W.3d 884, 889-90 (Tex.Crim.App. 2009). If made in the form of a statement, the proffer "must include a reasonably specific summary of the evidence offered and must state the relevance of the evidence unless the relevance is apparent, so that the court can determine whether the evidence is relevant and admissible."  *Warner v. State*, 969 S.W.2d 1, 2 (Tex.Crim.App. 1998).  The purposes of an offer of proof are to permit the trial judge to reconsider his ruling in light of actual evidence and to enable an appellate court to determine whether the exclusion of evidence was erroneous and harmful.  *See Mays*, 285 S.W.3d at 890.

The point of error on appeal must comport with the objection made at trial.  *See Clark v. State*, 365 S.W.3d 333, 339 (Tex.Crim.App. 2012), *citing Thomas v. State,* 723 S.W.2d 696, 700 (Tex.Crim.App. 1986).  In determining whether a complaint on appeal comports with a complaint made at trial, we look to the context of the objection and the shared understanding of the parties at the time.  *Lankston,* 827 S.W.2d at 911.

The failure of a party to properly object to constitutional error at trial can result in the forfeiture of the complaint.  *See* Tex. R. App. P. 33.1; *Clark*, 365 S.W.3d at 339 (if a party fails to properly object to constitutional errors at trial, these errors can be forfeited), *citing Briggs v. State,* 789 S.W.2d 918, 924 (Tex.Crim.App. 1990); *see also Henson v. State*, 407 S.W.3d 764, 767

6

(Tex.Crim.App. 2013), *cert. denied*, 134 S.Ct. 934 (U.S. 2014) (in order to preserve error for appellate review, a defendant must make a timely request, objection, or motion in the trial court, regardless of whether or not the error complained of is constitutional; the rule applies to all but the most fundamental rights, and applies to the right to a speedy trial); *Deener v. State*, 214 S.W.3d 522, 527 (Tex.App. – Dallas 2006, pet. ref'd) (accused's constitutional right of confrontation is forfeitable and must be preserved by a timely and specific objection at trial).

*Application*

The State argues that Appellant's issues are multifarious. We may disregard any assignment of error that is multifarious. *See Hamilton v. Williams*, 298 S.W.3d 334, 339 n.3 (Tex.App. – Fort Worth 2009, pet. denied) (citations omitted). However, we may consider a multifarious issue if we can determine, with reasonable certainty, the errors about which complaint is made. *Id.* We consider Appellant's complaints because we are able to discern them with reasonable certainty.

In Issue One, Appellant expressly asserts that through its examination of Detective Christy Martinez, the State presented evidence "that the complainant had to be a credible witness because no child his age could be expected to be knowledgeable about abuse," while knowing that Detective Martinez "was casting the complainant's credibility in a false light." We have examined the portions of the record to which Appellant has directed us in support of his issues on appeal as well as the entire record on appeal. We do not find in the record any indication that the trial court or the State understood that Appellant was making the "false light" complaint he now voices on appeal.

Additionally, the alleged error raised in Issue One does not comport with the objections

7

Appellant made at trial. *See Clark*, 365 S.W.3d at 339. We conclude Appellant failed to object to Detective Christy Martinez's testimony that the complainant had to be credible and to state the grounds for the ruling that he sought from the trial court with sufficient specificity to make the trial court aware of his "false light" complaint, and that the specific grounds Appellant now raises on appeal were not apparent from the context of the proceedings at trial. TEX. R. APP. P. 33.1(a)(1)(A). Moreover, Appellant never secured a ruling on his "false light" objection. TEX. R. APP. P. 33.1(a)(2). Because Appellant has forfeited his complaints, Issue One is overruled.

In Issue Two, Appellant complains the trial court erroneously prevented him from presenting or eliciting evidence of IM's sexual history and sexual sophistication as a possible explanation for IM's allegations against him. Appellant initially states that IM "had apparently been molested by another person." Appellant fails to direct us to any portion of the record in support of this statement despite his contention that this alleged fact is "demonstrated in the *sub rosa* hearings during the trial (as set out above)." *See* TEX. R. APP. P. 38.1(i); *Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex.App. – El Paso 2007, no pet.) (appellant's brief must contain a clear and concise argument, including appropriate citations to authority and to the record).

Relying on Rule 412, Appellant complains that he was entitled to show IM's sexual experience for the purpose of demonstrating an alternative basis for IM's ability to describe sex acts. TEX. R. EVID. 412. We observe that Texas Rule of Evidence 412 precludes evidence of specific instances of a complainant's past sexual behavior except under limited circumstances. TEX. R. EVID. 412; *see Lopez v. State*, 18 S.W.3d 220, 225 (Tex.Crim.App. 2000). Rule 412(c) specifically requires:

> If the defendant proposes to introduce any documentary evidence or to ask any question, either by direct examination or cross-examination of any witness,

8

concerning specific instances of the alleged victim's past sexual behavior, the defendant must inform the court out of the hearing of the jury prior to introducing any such evidence or asking any such question. After this notice, the court shall conduct an in camera hearing, recorded by the court reporter, to determine whether the proposed evidence is admissible under paragraph (b) of this rule. The court shall determine what evidence is admissible and shall accordingly limit the questioning. The defendant shall not go outside these limits or refer to any evidence ruled inadmissible in camera without prior approval of the court without the presence of the jury.

TEX. R. EVID. 412(c).

Appellant does not direct us to any portion of the record where he adhered to the requirements of Rule 412(c). We also note that under Rule 608, specific instances of the conduct of a witness for the purpose of attacking or supporting the witness's credibility, other than conviction of crime as provided in Rule 609, may not be inquired into on cross-examination of the witness nor proved by extrinsic evidence. TEX. R. EVID. 608(b).

A significant portion of Issue Two is dedicated to setting out the law and our standard for reviewing a trial court's evidentiary rulings regarding the right to cross-examine and confront witnesses under the United States Constitution, the proper scope of the cross-examination, and the appropriate harm analysis to be applied when error is of constitutional dimension. Appellant complains that the trial court impermissibly limited the scope of his cross-examination regarding IM's sexual history, and contends that "[t]he testimony went to the heart of the State's case, that [IM] was psychologically traumatized because he was molested by [Appellant]." On appeal, Appellant argues that "the testimony" regarding IM's alleged pre-2010 molestation "would not have prejudiced or harassed the witness, who was aware of [IM's] sexual history and could have attributed [IM's] trauma to the previous incident(s)." He further suggests that his pursuit of this line of questioning would have clarified and explained IM's pre-2010 psychological trauma and

describes IM's sexual activity, was relevant and would not have been repetitive.

However, nothing in the record indicates that Appellant ever sought to cross-examine or elicit testimony or evidence regarding IM's sexual history or sexual sophistication. Rather, on cross-examination, Appellant asked IM's counselor, Mr. Stewart if he agreed that other counselors had recorded that IM was a known liar and played with fire. On voir dire, Appellant asked Mr. Stewart if he was aware that the issues for which he was treating IM, which Mr. Stewart described as anger, defiance, and fighting, had existed prior to 2010. Mr. Stewart answered that he was not aware of the existence of those "issues" before 2010. Appellant's counsel summarily informed the trial court, "I won't go into that any more [,] just that that was part of his medical treatment and diagnosis [and] [t]hose questions were asked of him in order to make a medical determination as to what treatment he needed."

The trial court sustained the State's objection to Appellant's question about IM being known to lie and play with fire as violating "the motion in limine," and granted the State's request to instruct the jury to disregard the question. To the extent Appellant's questions to Mr. Stewart may be considered an offer of proof, the substance of the evidence made known to the court through Appellant's offer of proof fails to establish that Appellant was seeking to cross-examine or elicit testimony regarding IM's sexual history or sexual sophistication. TEX. R. EVID. 103(a)(2); *see Reyna*, 168 S.W.3d at 176-77. Nor was the substance of the sexual-history evidence that Appellant now claims he was seeking to elicit during trial otherwise apparent to the trial court from the context of his questioning. TEX. R. EVID. 103(a)(2). Appellant's second issue on appeal fails to comport with the objections made at trial. *See Clark*, 365 S.W.3d at 339; *Lankston,* 827 S.W.2d at 911; *Briggs v. State,* 789 S.W.2d 918, 924 (Tex.Crim.App. 1990). Because Appellant

has failed to preserve for our review the complaints he presents on appeal, Issue Two is overruled.

TEX. R. APP. P. 33.1; TEX. R. EVID. 103(a)(2); *see Reyna*, 168 S.W.3d at 176-77.

## CONCLUSION

The trial court's judgment is affirmed.


GUADALUPE RIVERA, Justice

April 9, 2014

Before McClure, C.J., Rivera, and Rodriguez, JJ.

(Do Not Publish)

11