

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

**NO. 02-07-401-CV**

JIM H. HAMILTON, JR.

APPELLANT

V.

EDDIE C. WILLIAMS, TOMMY L.
NORWOOD, MICHAEL D. HILL,
T. RODDEY, AND KELLI WARD

APPELLEES

------------

FROM THE 89TH DISTRICT COURT OF WICHITA COUNTY

------------

## OPINION

------------

### I. Introduction

In three issues, pro se Appellant Jim H. Hamilton, Jr. appeals the trial court's order dismissing as frivolous his claims against Appellees Eddie C.

Williams, Tommy L. Norwood, Michael D. Hill, T. Roddey, and Kelli Ward.[1] We affirm.

## II. Factual and Procedural Background

Hamilton, an inmate in the James Allred Unit of the TDCJ, filed suit against TDCJ employees, in their individual and official capacities, on May 2, 2007, complaining that his due process rights and his right to privacy of the person had been violated. In response, Williams, Norwood, and Hill filed a motion to dismiss Hamilton's claims as frivolous on the grounds that (1) the affidavit Hamilton filed with his petition did not comply with section 14.004(a)(2) of the Texas Civil Practice and Remedies Code; (2) Hamilton failed to provide copies of his administrative grievances as required by section 14.005(a)(2); (3) Hamilton failed to file a certified copy of his trust account statement as required by section 14.004(c) and 14.006(f); and (4) Hamilton's claims were frivolous because they had no arguable basis in law or fact. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 14.003–.006 (Vernon 2002). The trial court granted the motion and dismissed with prejudice Hamilton's suit in its entirety for failure to comply with chapter fourteen of the civil practice and remedies code. Hamilton then filed a motion for new trial and, in the

_____

[1] The appellees are employees of the Texas Department of Criminal Justice ("TDCJ"); therefore, we refer to the appellees collectively as "TDCJ employees" except where inappropriate.

alternative, a motion to reinstate. The trial court did not rule on these motions, and, accordingly, they were overruled by operation of law. This appeal followed.

### III. Motion for New Trial and to Reinstate

In his first issue, Hamilton argues that the trial court erred by failing to rule and conduct a hearing on his motion for new trial and to reinstate. Although Hamilton presents this issue as pertaining to both his motion for new trial and his motion to reinstate, his legal argument and analysis refer only to his motion for new trial; therefore, we do not consider his motion to reinstate. *See* Tex. R. App. P. 38.1(i) ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record.").

### A. Standard of Review

We review a trial court's denial of a motion for new trial for an abuse of discretion. *See Cliff v. Huggins*, 724 S.W.2d 778, 778–79 (Tex. 1987). To determine whether a trial court abused its discretion, we must decide whether the trial court acted without reference to any guiding rules or principles; in other words, we must decide whether the act was arbitrary or unreasonable. *Cire v. Cummings*, 134 S.W.3d 835, 838–39 (Tex. 2004).

3

**B. Discussion**

Hamilton asserts that the trial court erred by failing to rule and conduct a hearing on his motion for new trial because he has a constitutional right to access to the courts. However, Hamilton failed to provide any legal argument as to how the trial court's failure to rule on his motion violated his right of access to the courts; therefore, we need not consider it. *See* Tex. R. App. P. 38.1(i).

Next, Hamilton claims that a trial court must consider and rule on a motion for new trial within a reasonable time. A trial court, however, does not abuse its discretion by not ruling on a motion and by allowing the motion to be overruled by operation of law. *See* Tex. R. Civ. P. 329b(c) (stating that "[i]n the event an original or amended motion for new trial . . . is not determined by written order signed within seventy-five days after the judgment was signed, it shall be considered overruled by operation of law on expiration of that period"); *see also Transp. Ins. Co. v. Moriel*, 879 S.W.2d 10, 28 (Tex. 1994) (holding that "trial courts have not even been required to rule on motions for new trial as the passage of time may serve to overrule a new trial motion by operation of law"). Therefore, the trial court did not abuse its discretion by not ruling on Hamilton's motion for new trial.

4

Finally, Hamilton argues that because his motion for new trial raised issues not determinable from the record, including information not previously available to him, the trial court abused its discretion by not holding a hearing. However, whether to hold an evidentiary hearing on a motion for new trial in a civil matter is within the trial court's discretion unless the ground for the motion is jury misconduct. *Parham v. Wilbon*, 746 S.W.2d 347, 351 (Tex. App.—Fort Worth 1988, no writ); *see also Jefa Co. v. Mustang Tractor & Equip. Co.*, 868 S.W.2d 905, 909 (Tex. App.—Houston [14th Dist.] 1994, writ denied). *Contra Rozell v. State*, 176 S.W.3d 228, 230 (Tex. Crim. App. 2005) (generally, in a criminal case, a trial court should hold an evidentiary hearing on a motion for new trial if the motion and attached affidavit raise matters that are not determinable from the record and that demonstrate reasonable grounds that could entitle the accused to relief); *Reyes v. State*, 849 S.W.2d 812, 816 (Tex. Crim. App. 1993) (holding in a criminal case that defendant is entitled to a hearing on motion for new trial when motion for new trial "reflect[s] that reasonable grounds exist for holding that" motion for new trial could be granted).

Here, Hamilton did not raise jury misconduct as a ground in his motion;[2] therefore, the trial court did not abuse its discretion by failing to hold an evidentiary hearing on Hamilton's motion for new trial. *Id.* Accordingly, we overrule Hamilton's first issue.

## IV. Fundamental Error

In his second issue, Hamilton multifariously argues that the trial court committed fundamental error by dismissing an arguable claim without giving him (1) notice of the pending motion to dismiss, (2) an opportunity to be heard on the motion, and (3) an opportunity to amend his complaint and affidavit.[3]

---

[2] Hamilton asserted six grounds in his motion for new trial: (1) the trial court failed to schedule a hearing date and refused to rule on Hamilton's objections to the motion to dismiss; (2) the trial court erred by refusing to hold a hearing or rule on Hamilton's motion for default judgment, motion for leave and application for writ of mandamus, motion for leave to amend affidavit, and objection to Williams, Norwood, and Hill's motion to dismiss; (3) Hamilton was entitled to a no-answer default judgment against Roddey and Ward; (4) the trial court's order to dismiss was not a valid order because it was not sufficiently definite and certain to define the factors of chapter fourteen on which its decision was based and does not dispose of all the defendants to the suit and the capacity in which they were sued; (5) the trial court committed fundamental error by dismissing Hamilton's suit on the merits with prejudice and including a statement that all claims not previously ruled upon were denied; and (6) the trial court committed fundamental error when it dismissed Hamilton's arguable claims without giving note of Hamilton's pending motion to dismiss and an opportunity to Hamilton to amend his complaint and affidavit before ruling.

[3] An issue is multifarious when it generally attacks the trial court's order with numerous arguments. *See Hollifield v. Hollifield*, 925 S.W.2d 153, 155 (Tex. App.—Austin 1996, no writ); *Clancy v. Zale Corp.*, 705 S.W.2d 820, 823 (Tex. App.—Dallas 1986, writ ref'd n.r.e.). We may disregard any assignment

6

Hamilton engrafts into his argument complaints that (1) his due process rights were violated, (2) he is entitled to declaratory and injunctive relief, and (3) his right to privacy in his person was violated. In his third issue, Hamilton contends that the trial court committed fundamental error by dismissing his case with prejudice in its entirety. Because Hamilton's second and third issues overlap, we address them simultaneously.

## A. Applicable Law

We review a dismissal under chapter fourteen for an abuse of discretion per the standard set out above. *Bishop v. Lawson*, 131 S.W.3d 571, 574 (Tex. App.—Fort Worth 2004, pet. denied).

In order to control inmate litigation, which may be frivolous, the legislature enacted chapter fourteen of the civil practice and remedies code. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 14.001–.014 (Vernon 2002). Chapter fourteen "applies only to a suit brought by an inmate in a district, county, justice of the peace, or small claims court in which an affidavit or unsworn declaration of inability to pay costs is filed by the inmate." *Id.*

---

of error that is multifarious. *See Hollifield*, 925 S.W.2d at 155; *Clancy*, 705 S.W.2d at 824. Alternatively, we may consider a multifarious issue if we can determine, with reasonable certainty, the error about which complaint is made. *See Green v. Kaposta*, 152 S.W.3d 839, 842 n.2 (Tex. App.—Dallas 2005, no pet.). Although Hamilton's second issue is multifarious, we are able to follow a majority of the argument and will proceed. *See* Tex. R. App. P. 38.9.

7

§ 14.002. Chapter fourteen sets forth procedural requirements an inmate must satisfy as a prerequisite to filing suit. *Id.* §§ 14.002, 14.004–.006; *see also Lilly v. Northrep*, 100 S.W.3d 335, 336 (Tex. App.—San Antonio 2002, pet. denied). Should the inmate fail to comply with these requirements, his suit will be dismissed. *Lilly*, 100 S.W.3d at 336 (citing *Bell v. Tex. Dep't of Criminal Justice-Inst. Div.*, 962 S.W.2d 156, 158 (Tex. App.—Houston [14th Dist.] 1998, pet. denied)).

However, even if an inmate satisfies the necessary filing requirements, the trial court may dismiss an inmate's claim if it finds the claim to be frivolous or malicious. Tex. Civ. Prac. & Rem. Code Ann. § 14.003; *Comeaux v. Tex. Dep't of Criminal Justice*, 193 S.W.3d 83, 86 (Tex. App.—Houston [1st Dist.] 2006, pet. denied). A claim is frivolous or malicious if it has no basis in law or fact. *Comeaux,* 193 S.W.3d at 86. When an inmate's lawsuit is dismissed as frivolous for having no basis in law or in fact, but no fact hearing is held, our review focuses on whether the inmate's lawsuit has an arguable basis in law. Tex. Civ. Prac. & Rem. Code Ann. § 14.003; *Scott v. Gallagher*, 209 S.W.3d 262, 266 (Tex. App.—Houston [1st Dist.] 2006, no pet.). A clear failure by the trial court to analyze or apply the law correctly is an abuse of discretion. *McDaniel v. Yarbrough*, 898 S.W.2d 251, 253 (Tex. 1995).

In conducting our review, we take as true the allegations in an inmate's petition and review the types of relief and causes of action set out therein to determine whether, as a matter of law, the petition stated a cause of action that would authorize relief. *See Scott*, 209 S.W.3d at 266; *Harrison v. Tex. Dep't of Criminal Justice, Inst. Div.*, 164 S.W.3d 871, 875 (Tex. App.—Corpus Christi 2005, no pet.). A claim has no arguable basis in law if it relies upon an indisputably meritless legal theory. *Scott*, 209 S.W.3d at 266–67. Further, a claim has no arguable basis in law if the inmate has failed to exhaust his administrative remedies. *Leachman v. Dretke*, 261 S.W.3d 297, 311 (Tex. App.—Fort Worth, 2008 no pet.); *Retzlaff v. Tex. Dep't of Criminal Justice*, 94 S.W.3d 650, 653 (Tex. App.—Houston [14th Dist.] 2002, pet. denied). If an inmate fails to exhaust his administrative remedies, we may affirm a dismissal even if the ground was not presented in a motion to dismiss. Tex. Civ. Prac. & Rem. Code Ann. § 14.005; *Retzlaff*, 94 S.W.3d at 653.

Finally, when we review a trial court's dismissal with prejudice under chapter fourteen, we consider whether the inmate could remedy the error through a more specific pleading. *Williams v. Brown*, 33 S.W.3d 410, 412 (Tex. App.—Houston [1st Dist.] 2000, no pet.); *see Denton v. Hernandez*, 504 U.S. 25, 34, 112 S. Ct. 1728, 1734 (1992) (construing the federal in forma pauperis statute and finding that appellate courts should review whether

9

dismissal was with or without prejudice); *Lentworth v. Trahan*, 981 S.W.2d 720, 722–23 (Tex. App.—Houston [1st Dist.] 1998, no pet.) (listing the instances in which a suit may be dismissed with prejudice); *see also Holloway v. Anderson*, No. 13-00-00369-CV, 2001 WL 34615356, at *3 (Tex. App.—Corpus Christi Aug. 16, 2001, no pet.) (not designated for publication) (same).

## B. Notice and Opportunity to be Heard

Hamilton asserts that he was entitled to notice of the pending motion to dismiss and an opportunity to be heard on the motion. However, an inmate who brings a claim falling within the scope of chapter fourteen has no right to notice of a motion to dismiss, nor to a mandatory hearing. *See* Tex. Civ. Prac. & Rem. Code Ann. § 14.002 (stating that trial court may dismiss inmate's claims before service of process); *Huges v. Massey*, 65 S.W.3d 743, 745 (Tex. App.—Beaumont 2001, no pet.) (holding that inmate had no right to notice of motion to dismiss or opportunity to amend); *Thomas v. Wichita Gen. Hosp.*, 952 S.W.2d 936, 938 (Tex. App.—Fort Worth 1997, pet. denied) (stating that court's determination whether to hold a hearing is discretionary). Therefore, the trial court did not abuse its discretion by not giving Hamilton notice of the pending motion or by dismissing his claims without a hearing. Accordingly, we overrule this portion of Hamilton's second issue.

10

## C. Opportunity to Amend

Hamilton further claims that the trial court abused its discretion by dismissing his claims with prejudice without giving him an opportunity to amend his complaint and affidavit. We disagree.

A dismissal with prejudice is a ruling on the merits and is therefore improper if the trial court's dismissal is based on procedural defects that the inmate can remedy. *See Garrett v. Williams*, 250 S.W.3d 154, 160 (Tex. App.—Fort Worth 2008, no pet.); *Hickman v. Adams*, 35 S.W.3d 120, 125 (Tex. App.—Houston [14th Dist.] 2000, no pet.) (holding that dismissal under section 14.004 is not dismissal on the merits and thus trial court abuses its discretion if it dismisses with prejudice a claim where procedural defect can be remedied). However, if the trial court's dismissal is based on the conclusion that the inmate's claim has no arguable basis in law, then a dismissal with prejudice is proper. *See Nabelek v. Dist. Att'y of Harris County*, No. 14-03-00965-CV, 2005 WL 2148999, at *7 (Tex. App.—Houston [14th Dist.] Sept. 8, 2005, pet. denied). Therefore, we must determine whether the trial court could have dismissed Hamilton's claims on the grounds that they had no arguable basis in law.

### 1. Right to Due Process

11

Hamilton made various allegations with respect to the TDCJ employees' violations of TDCJ policies and procedures for initiating, conducting, and reviewing disciplinary proceedings against inmates. Hamilton's complaints stem from a disciplinary hearing at which, he alleges, the officer conducting the hearing refused to accept or review an affidavit he submitted in his defense. At the end of the hearing, the officer imposed a punishment of fifteen days of cell restriction and loss of commissary privileges. Hamilton argued that the TDCJ employees' failure to follow TDCJ's policies and procedures with respect to disciplinary proceedings violated his due process rights and deprived him of his liberty interest under the federal constitution.

However, to bring a due process claim in this context, the plaintiff must assert a property interest that is protected by the Fourteenth Amendment of the United States Constitution or article I, section 19 of the Texas constitution. *See Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 570–71, 92 S. Ct. 2701, 2705–06 (1972); *Concerned Cmty. Involved Dev., Inc. v. City of Houston*, 209 S.W.3d 666, 671 (Tex. App.—Houston [14th Dist.] 2006, pet. denied). If the plaintiff does not assert a protected property interest, the trial court lacks jurisdiction over the suit. *See Nat'l Collegiate Athletic Ass'n v. Yeo*, 171 S.W.3d 863, 870 (Tex. 2005). The *Yeo* court stated, "To have a property interest in a benefit, a person clearly must have more than an abstract need or

desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." *Id.* at 870 n.19 (quoting *Roth*, 408 U.S. at 577, 92 S. Ct. at 2709).

Cell restrictions and loss of commissary privileges are merely changes in the conditions of an inmate's confinement and do not implicate due process concerns. *See Malichi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000); *Madison v. Parker*, 104 F.3d 765, 767–68 (5th Cir. 1997) (evaluating inmate's claimed denial of due process at disciplinary hearing based on allegation that he was refused opportunity to offer documentary evidence and holding that loss of commissary privileges and imposition of cell restrictions do not implicate due process concerns). Therefore, the trial court properly concluded that Hamilton's due process claims had no arguable basis in law and, consequently, did not abuse its discretion by dismissing these claims with prejudice under chapter fourteen. *See Nabelek*, 2005 WL 2148999, at *7. Accordingly, we overrule the portions of Hamilton's second and third issues pertaining to his due process claims.

### 2. Right to Privacy in his Person

Hamilton also asserts that he has a constitutional right to not be unnecessarily viewed by persons of the opposite sex while he is naked. Specifically, Hamilton claims that a female officer looked into his cell without having a penological interest, in violation of his constitutional right to privacy

13

in his person. He asked the trial court to declare that his constitutional right to privacy in his person had been violated and to enter a permanent injunction against future violations. However, Hamilton failed to properly exhaust administrative remedies before filing suit on this claim.

The legislature mandated that TDCJ develop and maintain an inmate grievance system. Tex. Gov't Code Ann. § 501.008(a) (Vernon 2004). The administrative grievance process established by TDCJ begins with an informal attempt to resolve the problem. If the informal attempt is unsuccessful, two steps follow. The inmate has fifteen days from the grievable event to forward a step one grievance form to the unit grievance investigator. If unsatisfied with the step one decision, the inmate may appeal by submitting a step two form to the unit grievance investigator within fifteen days of the step one response. Tex. Dep't of Criminal Justice, *Offender Orientation Handbook* 52 (rev. Nov. 2004), http://www.tdcj.state.tx.us/publications/cid/OffendOrientHbkNov04.pdf.

Here, in the first step of the grievance process, Hamilton asserted a claim for violation of his constitutional right to privacy in his person; however, Hamilton failed to follow through and reassert this claim in the second step of the grievance process. As a result, Hamilton did not allow the prison officials an opportunity to correct any alleged errors. *See Woodford v. Ngo*, 548 U.S. 81, 85, 126 S. Ct. 2378, 2382 (2006) (discussing exhaustion requirement under 42 U.S.C. § 1997e(a), Prison Litigation Reform Act); *Pozo v.*

14

*McCaughtry*, 286 F.3d 1022, 1023–24 (7th Cir. 2002) (stating that administrative grievance procedure gives prison administration opportunity to fix problem or mitigate damages and shed light on factual disputes attending prospective litigation if inmate is not satisfied). In other words, Hamilton failed to exhaust his administrative remedies. *See Leachman*, 261 S.W.3d at 311 (concluding that appellant failed to exhaust his remedies through the grievance process as to two of the appellees because he did not include the names of the two appellees in the second step of the grievance process); *see also Wolf v. Tex. Dep't of Criminal Justice, Inst. Div.*, 182 S.W.3d 449, 451 (Tex. App.—Texarkana 2006, pet. denied) ("Wolf's grievance does not address the issues he brought in his civil petition, and we cannot say he either sought or received a final administrative decision on those issues."); *Riddle v. TDCJ-ID*, No. 13-05-00054-CV, 2006 WL 328127, at *2 (Tex. App.—Corpus Christi Feb. 9, 2006, pet. denied) (mem. op., not designated for publication) ("Riddle did not exhaust the grievance procedures for those individuals named in the claim who were not named in the grievance. Thus, Riddle did not fulfill all statutory procedural requirements."). As a result of Hamilton's failure to exhaust his administrative remedies, the trial court properly concluded that Hamilton's privacy claim had no arguable basis in law. *See Leachman*, 261 S.W.3d at 311; *Retzlaff*, 94 S.W.3d at 653 (stating that failure to exhaust administrative remedies will result in a claim that has no arguable basis in law).

Therefore, because Hamilton cannot remedy the error through a more specific pleading, the trial court did not abuse its discretion by dismissing Hamilton's privacy claim with prejudice under chapter fourteen. *See Leachman*, 261 S.W.3d at 311; *see also Nabelek*, 2005 WL 2148999, at *7 (concluding that dismissal with prejudice is appropriate when claim has no arguable basis in law).

Furthermore, although we interpret a portion of Hamilton's arguments to assert that sovereign immunity does not apply to the TDCJ employees, in their individual and official capacities and, therefore, the TDCJ employees are not immune to Hamilton's claims, because we conclude that Hamilton's claims have no arguable basis in law, we need not address this immunity argument. *See* Tex. R. App. P. 47.1. Accordingly, we overrule the remaining portions of Hamilton's second and third issues.

## V. Conclusion

Having overruled all three of Hamilton's issues, we affirm the trial court's judgment.

BOB MCCOY
JUSTICE

PANEL: LIVINGSTON, DAUPHINOT, and MCCOY, JJ.

DAUPHINOT, J. concurs with opinion.

DELIVERED: August 31, 2009



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-07-401-CV

JIM H. HAMILTON, JR.                                                    APPELLANT

V.

EDDIE C. WILLIAMS, TOMMY L.                                          APPELLEES
NORWOOD, MICHAEL D. HILL,
T. RODDEY, AND KELLI WARD

------------

FROM THE 89TH DISTRICT COURT OF WICHITA COUNTY

------------

## CONCURRING OPINION

------------

I agree with most of the majority's opinion, but I write separately because I disagree with this court's precedent regarding hearings on motions for new trial. As the majority notes, this court has held that whether to hold a hearing on a motion for new trial is discretionary with the trial court unless the ground

asserted in the motion is jury misconduct.[1]  I believe that this court should follow the rule applied by other courts of appeals and in criminal law — that a trial court must hold a hearing on a motion for new trial if the motion "presents a question of fact upon which evidence must be heard" and alleges facts that, if true, would entitle the movant to a new trial.[2]  But because the outcome in this case would not be different under that rule, I concur.

LEE ANN DAUPHINOT
JUSTICE

DELIVERED: August 31, 2009

---

[1] *See Parham v. Wilbon*, 746 S.W.2d 347, 351 (Tex. App. — Fort Worth 1988, no writ); *see also Taylor v. Taylor*, No. 02-05-00435-CV, 2007 WL 2460359, at *6 (Tex. App. — Fort Worth Aug. 31, 2007, pet. denied).

[2] *Cecil v. Smith*, 804 S.W.2d 509, 512 n.5 (Tex. 1991) (citing *Parham*, 746 S.W.2d at 351); *see also Hawkins v. Howard*, 97 S.W.3d 676, 678 (Tex. App. — Dallas 2003, no pet.).

2