

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00565-CV

Kelly **WALLS**,
Appellant

v.

Daniel **KLEIN**,
Appellee

From the 150th Judicial District Court, Bexar County, Texas
Trial Court No. 2012-CI-11285
Honorable Dick Alcala, Judge Presiding

Opinion by:      Catherine Stone, Chief Justice

Sitting:         Catherine Stone, Chief Justice
                 Sandee Bryan Marion, Justice
                 Marialyn Barnard, Justice

Delivered and Filed:  July 9, 2014

AFFIRMED

Kelly Walls appeals the trial court's judgment granting a permanent injunction in favor of Daniel Klein and awarding him damages for his breach of contract and defamation claims. On appeal, Walls contends: (1) Klein's attorney engaged in incurable improper jury argument; (2) the trial court erred in admitting an exhibit that was not properly authenticated; (3) the injunction is unsupported by the jury's findings and constitutes an unconstitutional prior restraint on speech; and (4) the trial court erred in failing to rule on Walls's affirmative defenses. We affirm the trial court's judgment.

## BACKGROUND

The factual and procedural background regarding the dispute between Walls and Klein is set forth in detail in this court's prior opinion modifying and affirming a temporary injunction in Klein's favor. *See Walls v. Klein*, No. 04-12-00615-CV, 2013 WL 988179, at *1-2 (Tex. App.—San Antonio Mar. 13, 2013, no pet.) (mem. op.). After this court affirmed the temporary injunction, a jury trial was held, and the jury answered questions relating to the permanent injunction and Klein's counter-claims for breach of contract, defamation, and invasion of privacy. The trial court entered judgment based on the jury's findings, and Walls appeals.

## IMPROPER JURY ARGUMENT

In her first issue, Walls asserts "Klein's jury arguments were so extreme and unsupported as to represent incurable error." "To prevail on a claim that improper argument was incurable, the complaining party generally must show that the argument by its nature, degree, and extent constituted such error that an instruction from the court or retraction of the argument could not remove its effects." *Living Ctrs. of Tex., Inc. v. Penalver*, 256 S.W.3d 678, 680-81 (Tex. 2008). "Examples of incurable improper jury arguments can include appeals to racial prejudice, unsupported accusations of witness tampering by the opposing party, and unsupported, extreme, and personal attacks on opposing parties and witnesses." *PopCap Games, Inc. v. MumboJumbo, LLC*, 350 S.W.3d 699, 721 (Tex. App.—Dallas 2011, pet. denied). "Reasonable inferences and deductions from the evidence, by contrast, are permissible in closing argument." *Id*. at 721. "Hyperbole is also generally a permissible rhetorical technique in closing argument." *Id*.

Having reviewed the closing argument made by Klein's attorney, we overrule Walls's issue. Several of the arguments Walls cites in her brief were supported by direct evidence.[1] Other arguments Walls cites were supported by the attorney's inferences and deductions from the direct evidence[2] and his use of hyperbole.[3] More importantly, however, we hold that none of the cited arguments rises to the level of incurable improper jury argument as asserted by Walls in her brief. Accordingly, Walls's first issue is overruled.

### AUTHENTICATION

In her second issue, Walls contends the trial court erred in admitting into evidence an exhibit that was not properly authenticated.[4] The requirement of authentication "is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." TEX. R. EVID. 901(a). One method of authenticating a document is by testimony of a witness with knowledge "that a matter is what it is claimed to be." *Id*. at 901(b)(1). "We review a trial court's decision to admit or exclude evidence for an abuse of discretion." *In re J.P.B.*, 180 S.W.3d 570, 575 (Tex. 2005).

With regard to the exhibit in question, Klein testified that it was a page from Walls's Facebook page which he had seen may times. Klein further testified that he printed off the page at a time when he had access to Walls's Facebook page. The trial court did not abuse its discretion in determining that this testimony was sufficient to satisfy the authentication requirement. *See id*.

---

[1] For example, in response to whether Walls was cited with a criminal trespass warning by Temple Beth-El, Walls testified that she was issued a letter and asked not to return there. Klein testified that he was aware that Walls had been given a criminal trespass warning.

[2] For example, Klein's attorney was permitted to draw inferences about the validity of the criminal complaints reported by Walls from the authorities' failure to pursue criminal charges against Klein.

[3] The reference by Klein's attorney to Klein's desire to avoid a "nuclear bomb" is a permissible use of hyperbole.

[4] Although Walls makes reference in her brief to Klein's attorney suborning perjury by introducing two additional exhibits, her brief refers only to Defendant's Exhibit 2 as not being properly authenticated. Since Walls's second issue asserts the trial court erred in admitting evidence that was not properly authenticated, we only address the admissibility of Defendant's Exhibit 2. *See Hamilton v. Williams*, 298 S.W.3d 334, 338 n.3 (Tex. App.—Fort Worth 2009, pet. denied) (noting appellate court can disregard any assignment of error that is multifarious).

Although Walls asserted in her objection that Klein had been blocked from accessing her Facebook page prior to the date the page was printed, the trial court, in overruling her objection, responded that Walls could impeach Klein about her contention. *See In re J.A.S.*, No. 11-09-00176-CV, 2011 WL 704390, at *3 (Tex. App.—Eastland Jan. 13, 2011, no pet.) (noting testimony that document is what it purports to be is sufficient to authenticate, "while the accuracy of the testimony is for the factfinder"). Walls's second issue is overruled.

## INJUNCTION

In her third issue, Walls contends the trial court erred in granting the permanent injunction in favor of Klein because it was unsupported by the jury's findings and constituted an unconstitutional prior restraint on speech. This court previously rejected Walls's constitutionality argument in our prior opinion affirming the trial court's temporary injunction. *Walls*, 2013 WL 988179, at *2-5. Moreover, the jury found that Walls was liable for defamation and invasion of privacy and committed acts with the intent to harass, annoy, intimidate, humiliate, or threaten Klein. These findings are sufficient to support the permanent injunction. *See Memon v. Shaikh*, 401 S.W.3d 407, 423 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (holding jury's defamation finding supported permanent injunction); *Bostow v. Bank of America*, No. 14-04-00256-CV, 2006 WL 89446, at *6 (Tex. App.—Houston [14th Dist.] Jan. 17, 2006, no pet.) (holding jury's finding that party engaged in harassing behavior supported permanent injunction) (mem. op.); *see also Valenzuela v. Aquino*, 853 S.W.2d 512, 513 (Tex. 1993) (suggesting permanent injunction could be based on jury finding liability for invasion of privacy). Walls's third issue is overruled.

## AFFIRMATIVE DEFENSES

In her fourth issue, Walls contends the trial court erred in failing to rule on her affirmative defenses. In her brief, Walls fails to even identify the affirmative defenses to which her complaint relates. In addition, as Klein notes in his brief, Walls had the burden to request jury questions on

her affirmative defenses, and by failing to make such a request, Walls failed to preserve this complaint for our review. *See AMS Const. Co. v. K.H.K. Scaffolding Houston, Inc.*, 357 S.W.3d 30, 43 (Tex. App.—Houston [1st Dist.] 2011, pet. dism'd); *Palacios v. Robbins*, No. 04-02-00338-CV, 2003 WL 21502371, at *2 (Tex. App.—San Antonio July 2, 2003, pet. denied) (mem. op.); *Abraxus Petroleum Corp. v. Hornburg*, 20 S.W.3d 741, 763 (Tex. App.—El Paso 2000, no pet.). Walls's fourth issue is overruled.

## CONCLUSION

The trial court's judgment is affirmed.

Catherine Stone, Chief Justice