

# IN THE
# TENTH COURT OF APPEALS

## No. 10-14-00345-CV

**MARSA HALL,**

**Appellant**

 **v.**

**INEEQUA FISHER AND VELISA RENFRO,**

**Appellees**

**From the County Court at Law
Walker County, Texas
Trial Court No. 11894CV**

## MEMORANDUM  OPINION

Marsa Hall filed a Small Claims Petition in Justice Court Precinct One in Walker County, Texas.   That case was dismissed by the Justice Court on May 27, 2014. Hall appealed the Justice Court's dismissal to the County Court at Law in Walker County.  On October 20, 2014, the County Court at Law entered an order dismissing the cause as frivolous pursuant to TEX. CIV. PRAC. AND REMEDIES CODE ANN. 14.003 (a) (2) and (b) (1). We affirm.

## Background Facts

Hall is an inmate currently incarcerated at the Wynne Unit. Hall complains that during a search for contraband, Officer Fisher and Officer Renfro confiscated his "seven prong multi-outlet in violation of T.D.C.J. Property Administrative Directive." Hall filed a TDCJ Grievance. The Grievance Response indicated that the confiscated outlet was a seven prong outlet and offenders are no longer allowed to possess seven prong outlets.

## Standard of Review

We review a dismissal under Chapter 14 for an abuse of discretion. *Hamilton v. Pechacek*, 319 S.W.3d 801, 809 (Tex.App.-Fort Worth 2010, no pet.). When an inmate's lawsuit is dismissed as frivolous for having no basis in law or in fact but no fact hearing is held, our review focuses on whether the inmate's lawsuit has an arguable basis in law. *Id*. While a Chapter 14 dismissal is reviewed under an abuse of discretion, the issue as to whether a claim has an arguable basis in law is a legal question that we review de novo. *Id*. We will affirm the dismissal if it was proper under any legal theory. *Johnson v. Lynaugh*, 796 S.W.2d 705, 706-07 (Tex.1990); *Hamilton v. Pechacek*, 319 S.W.3d at 809.

## Dismissal of Claim

Section 14.003 of the Texas Civil Practice and Remedies Code is applicable to the dismissal of inmate's claims. Section 14.003 states:

> (a) A court may dismiss a claim, either before or after service of process, if the court finds that:
>
> (1) the allegation of poverty in the affidavit or unsworn declaration is false;
> (2) the claim is frivolous or malicious; or

(3) the inmate filed an affidavit or unsworn declaration required by this chapter that the inmate knew was false.

(b) In determining whether a claim is frivolous or malicious, the court may consider whether:

(1) the claim's realistic chance of ultimate success is slight;
(2) the claim has no arguable basis in law or in fact;
(3) it is clear that the party cannot prove facts in support of the claim; or
(4) the claim is substantially similar to a previous claim filed by the inmate because the claim arises from the same operative facts.

(c) In determining whether Subsection (a) applies, the court may hold a hearing. The hearing may be held before or after service of process, and it may be held on motion of the court, a party, or the clerk of the court.

TEX.CIV.PRAC & REM. CODE ANN. § 14.003 (West 2002).

Hall argues that the County Court at Law erred in dismissing his cause of action as frivolous because he was entitled to a hearing. Chapter 14 provides that in determining whether the claim is frivolous, the court may hold a hearing. TEX.CIV.PRAC & REM. CODE ANN. § 14.003 (c) (West 2002). Chapter 14 does not require the court to hold a hearing.

The trial court found that the claim had no arguable basis in law or in fact. A claim has no arguable basis in law if it relies upon an indisputably meritless legal theory. *Hamilton v. Williams*, 298 S.W.3d 334, 339 (Tex.App.-Fort Worth 2009, pet. denied). The record shows that Hall filed a grievance concerning the confiscated plug, and that inmates are no longer allowed to possess that type of plug. Hall's seven prong outlet was confiscated and held pending instructions on what Hall wanted the prison officials to do with it since he could not retain possession of it in his cell. The record does not show that

Hall attempted to have the outlet delivered to any other person outside the unit as was his right under the applicable prison procedure.  We overrule Hall's argument on appeal that the trial court erred in dismissing his claim as frivolous.

## Conclusion

We affirm the trial court's judgment dismissing Hall's claims.


                                             AL SCOGGINS
                                             Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed
Opinion delivered and filed June 4, 2015
[CV06]

