

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-17-00676-CV

**REAL PROPERTY LOCATED AT 404 FULLER ST.,
KERRVILLE, KERR COUNTY, TEXAS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 216th Judicial District Court, Kerr County, Texas
Trial Court No. 16620A
Honorable N. Keith Williams, Judge Presiding

Opinion by:    Sandee Bryan Marion, Chief Justice

Sitting:         Sandee Bryan Marion, Chief Justice
                 Marialyn Barnard, Justice
                 Patricia O. Alvarez, Justice

Delivered and Filed: December 19, 2018

AFFIRMED

Peggy Butler appeals the trial court's judgment of forfeiture in a civil forfeiture proceeding. In her pro se brief, Butler asserts five issues; however, many of her issues are multifarious. "'An issue is multifarious when it generally attacks [a] trial court's order with numerous arguments.'" *Martin v. Bravenec*, No. 04–14–00483–CV, 2015 WL 2255139, at *3 (Tex. App.—San Antonio May 13, 2015, pet. denied) (mem. op.) (quoting *Hamilton v. Williams*, 298 S.W.3d 334, 338 n.3 (Tex. App.—Fort Worth 2009, pet. denied)). "'We may disregard any assignment of error that is multifarious.'" *Id.* (quoting *Hamilton*, 298 S.W.3d at 338 n.3). "'Alternatively, we may consider

a multifarious issue if we can determine, with reasonable certainty, the error about which complaint is made.'" *Id*. (quoting *Hamilton*, 298 S.W.3d at 338 n.3). Having reviewed Butler's issues, we have determined she complains of the following errors: (1) the forfeiture petition was untimely filed; (2) she was denied due process because she was not appointed counsel to represent her, she was denied the option to have a jury trial, and all witnesses remained in the courtroom during trial; (3) forfeiture of the property resulted in an excessive fine; (4) prosecutorial misconduct occurred in the admission of certain evidence; and (5) the forfeiture violated the double jeopardy clause.[1] We affirm the trial court's judgment.

## BACKGROUND

On July 28, 2016, the State filed its Original Notice of Seizure and Intention to Forfeit & Requests for Disclosure. In its pleading, the State requested that it be awarded title, possession, and ownership of the real property located at 404 Fuller Street, Kerrville, Kerr County, Texas (the "Property"). The pleading alleged the Property was contraband because it was used in the commission of a felony. The pleading further alleged the Property would be seized on or about July 29-31, 2016.

In the seizing officer's affidavit attached to the pleading, Officer Jeff Purvis stated the Kerrville Police Department Special Crimes Unit used a cooperating individual to conduct a controlled buy of: (1) approximately 3.4 grams of methamphetamine from Butler and another suspect at the Property on February 19, 2015; (2) approximately 7.1 grams of methamphetamine from Butler and another suspect at the Property on February 20, 2015; (3) approximately 2.7 grams

---

[1] Butler also makes general references to her criminal proceedings and to ineffective assistance of counsel relating to the pleas she entered in those proceedings. As the State notes, however, Butler "did not cite to any ruling from any court substantiating her claims of ineffective assistance of counsel in the criminal cases and has not cited any authority to support her position that unestablished or unproven ineffective assistance of counsel in a criminal case is grounds to support a finding of reversible error in a civil asset forfeiture case."

of methamphetamine from Butler at the Property on February 26, 2015; and (4) approximately 4.0 grams of methamphetamine from Butler and another suspect at the Property on March 10, 2015. Officer Purvis further stated that during its investigation, the Kerrville Police Department Special Crimes Unit had received multiple complaints regarding heavy foot and vehicle traffic at the Property believed to be related to drug sales. Finally, Officer Purvis stated Butler admitted to selling methamphetamine after she was arrested.

On June 22, 2017, the State filed a motion to set the forfeiture case for a bench trial, and a bench trial was held on August 23, 2017. On September 11, 2017, the trial court signed the judgment of forfeiture finding the Property to be contraband and awarding the State ownership and possession of the Property. Butler appeals.

**BRIEFING DEFICIENCIES AND PRESERVATION OF ERROR**

Butler's first brief filed on February 20, 2018 was stricken because the brief failed to comply with Rule 38.1 of the Texas Rules of Appellate Procedure. Although Butler's second brief filed on May 7, 2018 was not initially stricken, appellant was informed the court could consider her appellate complaints waived due to inadequate briefing. Because Butler asserted in a reply brief filed on July 2, 2018, that she never received a copy of the appellate record, this court struck the briefs filed by Butler on May 7, 2018, and July 2, 2018, ordered the clerk of the court to provide Butler with a copy of the appellate record, and provided Butler with a third opportunity to file a brief in compliance with Rule 38.1. Butler was again reminded that her failure to correct the briefing deficiencies in her third opportunity to file a brief would allow the court to consider her appellate complaints waived due to inadequate briefing. Accordingly, Butler was given ample opportunities to file a brief in compliance with Rule 38.1. On October 9, 2018, Butler filed the brief currently before the court.

In addition to considering whether Butler's current brief complies with Rule 38.1, we note "[a] *pro se* litigant is held to the same standards as a licensed attorney." *In re Estate of Hernandez*, No. 04-14-00046-CV, 2014 WL 7439713, at *2 (Tex. App.—San Antonio Dec. 31, 2014, pet. denied) (mem. op.) (citing *Wheeler v. Green*, 157 S.W.3d 439, 444 (Tex. 2005) (per curiam)). Accordingly, we may not consider issues or arguments Butler failed to preserve. *See id.*

## TIMELY FILING OF FORFEITURE PETITION

In her first issue, Butler contends the State did not timely file its forfeiture petition thirty days after her arrest or indictment. We first note Butler does not provide any record citation to any objection she made regarding the timeliness of the petition. *See* TEX. R. APP. P. 33.1 (requiring preservation of complaint as a prerequisite to presenting a complaint for appellate review). Even assuming the error was preserved, however, the State must commence a forfeiture proceeding "not later than the 30th day after the date of the seizure." TEX. CODE CRIM. PROC. ANN. art. 59.04(a). Because the date on which the State must commence a forfeiture proceeding does not run from the date of a defendant's arrest or indictment, Butler's first issue is overruled.[2]

## DUE PROCESS

In her second issue, Butler generally complains of due process violations. Having reviewed her issue, we have determined Butler complains of not having counsel appointed to represent her, being denied the option to have a jury trial, and all witnesses remaining in the courtroom during trial. Because Butler does not provide any record citations in support of her issue, the issue is inadequately briefed. TEX. R. APP. P. 38.1(i).

---

[2] In this issue, Butler also makes reference to the failure to hold a hearing within thirty days of her answer; however, article 59.05(b) of the Texas Code of Criminal Procedure only requires a forfeiture case to "proceed to trial in the same manner as in other civil cases." TEX. CODE CRIM. PROC. ANN. art. 59.05(b).

Assuming Butler properly preserved these complaints for appellate review, *see* TEX. R. APP. P. 33.1, Butler cites no authority to support her contention that she was entitled to appointed counsel to represent her in the forfeiture proceeding. *See* TEX. R. APP. P. 38.1(i) (requiring argument to be supported by appropriate citations to authority). "The Sixth Amendment of the United States Constitution and Article I, Section 10 of the Texas Constitution provide that 'in all *criminal prosecutions*, the accused shall enjoy the right ... to have the assistance of counsel for his defense.'" *Approximately $42,850.00 v. State*, 44 S.W.3d 700, 702 (Tex. App.—Houston [14th Dist.] 2001, no pet.) (quoting U.S. CONST. amend. VI; TEX. CONST. art. I, § 10) (emphasis in original). A civil forfeiture action under chapter 59 of the Texas Code of Criminal Procedure, however, "is an *in rem* proceeding against contraband." *State v. Silver Chevrolet Pickup VIN 1GCEC14T7YE257128 Tag No. 3TMX16*, 140 S.W.3d 691, 692 (Tex. 2004). We have found no authority holding Butler is entitled to the appointment of counsel in a civil forfeiture action. *But see $1,608.00 In U.S. Currency v. State*, No. 06-14-00084-CV, 2015 WL 1448675, at *1 (Tex. App.—Texarkana Mar. 31, 2015, no pet.) (mem. op.) (asserting "there is no statutory right to appointed counsel during a forfeiture proceeding"); *$567.00 In U.S. Currency v. State*, 282 S.W.3d 244, 246 (Tex. App.—Beaumont 2009, no pet.) (noting chapter 59 does not provide for appointment of counsel); *$585.00 U.S. Currency v. State*, No. 03-09-00012-CV, 2009 WL 2837716, at *2 (Tex. App.—Austin Aug. 31, 2009, pet. denied) (mem. op.) (noting right to counsel does not apply in civil forfeiture proceeding); *Approximately $42,850.00 v. State*, 44 S.W.3d 702 (same).

With regard to being denied the option of a jury trial, "[a] timely request for a jury plus a timely payment of the jury fee are essential to preserving the right to trial by jury." *Facundo v. Villezcas*, No. 04-17-00528-CV, 2018 WL 3634987, at *3 (Tex. App.—San Antonio Aug. 1, 2018, no pet.) (mem. op.). Butler's brief does not contain any citation to the record showing she made

such a request or timely paid the jury fee. *See* TEX. R. APP. P. 38.1 (requiring argument to be supported by appropriate citations to record). Accordingly, this complaint is waived.

Finally, with regard to the witnesses remaining in the courtroom during trial, either party may request witnesses to be removed from the courtroom under rule 267 of the Texas Rules of Civil Procedure. TEX. R. CIV. P. 267. Butler's brief, however, does not contain any citation to the record establishing that she made such a request. *See* TEX. R. APP. P. 38.1 (requiring argument to be supported by appropriate citations to record). Therefore, this complaint is waived.

## EXCESSIVE FINE

In her third issue, Butler contends the forfeiture of the Property was an excessive fine under the Eighth Amendment of the United States Constitution. Butler does not provide any citation in her brief to the place in the record where she asserted this claim in the trial court. *See* TEX. R. APP. P. 38.1 (requiring argument to be supported by appropriate citations to record). "As a general rule, a constitutional claim must have been asserted in the trial court to be raised on appeal." *One 2006 Harley Davidson Motorcycle v. State*, No. 02-16-00450-CV, 2017 WL 4819430, at *6 (Tex. App.—Fort Worth Oct. 26, 2017, no pet.) (mem. op.). "This rule extends to the Excessive Fines Clause of the Eighth Amendment in civil proceedings." *Id*. (citing *Romero v. State*, 927 S.W.2d 632, 634 n.2 (Tex. 1996) (refusing to consider whether a civil forfeiture violated the Excessive Fines Clause because the issue was not preserved)). By failing to establish she raised her Eighth Amendment claim in the trial court, Butler has waived her third issue.

## PROSECUTORIAL MISCONDUCT

In her fourth issue, Butler generally complains of prosecutorial misconduct. Having reviewed her issue, we have determined Butler complains the prosecutor engaged in misconduct

by requesting the trial court to take judicial notice of an "an investigation" and relying on hearsay evidence.[3]

First, Butler cites no authority to establish the doctrine of prosecutorial misconduct extends beyond criminal proceedings to civil forfeiture proceedings. Even assuming it does, to preserve an alleged prosecutorial-misconduct error, a defendant must make a timely and specific objection, request an instruction to disregard the matter improperly placed before the jury, and move for a mistrial. *Penry v. State*, 903 S.W.2d 715, 764 (Tex. Crim. App. 1995). Because Butler does not provide any citations to the record where she preserved her complaint in this manner, her fourth issue is waived. *See* TEX. R. APP. P. 33.1, 38.1.

### DOUBLE JEOPARDY

In her final issue, Butler argues that the civil forfeiture proceeding violates the double jeopardy clause because she already has been sentenced for the offenses she committed in selling the methamphetamine at the Property. Assuming this issue is preserved for our review, the Texas Court of Criminal Appeals has held "the *in rem* civil forfeitures prescribed by Chapter 59 are neither 'punishment' nor criminal for purposes of the Double Jeopardy Clause of the Fifth Amendment." *Fant v. State*, 931 S.W.2d 299, 308 (Tex. Crim. App. 1996). Therefore, Butler's fifth issue is overruled.

### CONCLUSION

The trial court's judgment is affirmed.

Sandee Bryan Marion, Chief Justice

---

[3] We note Butler refers to State's Exhibit 6 as containing the "investigation;" however, State's Exhibit 6 was not admitted as evidence.