

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-21-00134-CV

---

JAMES THOMAS GREEN, APPELLANT

V.

TEXAS DEPARTMENT OF CRIMINAL JUSTICE, APPELLEE

---

On Appeal from the 126th Judicial District Court[1]
Travis County, Texas,
Trial Court No. D-1-GN-19-008736, Honorable Jessica Mangrum, Presiding

---

July 15, 2022

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

James Thomas Green, a prison inmate appearing pro se and *in forma pauperis*, appeals from a judgment rendered pursuant to Texas Civil Practice and Remedies Code Chapter 14[2] decreeing his lawsuit to be frivolous and dismissing it with prejudice.

---

[1] This appeal was originally filed in the Third Court of Appeals and was transferred to this Court by order of the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001.

[2] *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.001-.014. Chapter 14 applies to a suit, other than under the Family Code, brought by an inmate who files an affidavit or declaration of inability to pay costs. TEX. CIV. PRAC. & REM. CODE ANN. § 14.002(a). Under Chapter 14, a trial court may dismiss an inmate's claim, either before or after service of process, if it finds the claim is frivolous or malicious. TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(2); *Hamilton v. Williams*, 298 S.W.3d 334, 339 (Tex. App.—Fort Worth 2009, no pet.).

Appellee is the Texas Department of Criminal Justice. Unserved defendants are alleged Department employees Cedric Johnson and unnamed "other [Department] employees 'Doe(s)'" (hereinafter Doe Defendants). For the reasons discussed below, we affirm the trial court's judgment.

Background

Green was imprisoned in 1996 and advanced to S-3 trustee status in 1999. Between 2017 and 2019, he held the position of library assistant for the prison law library.[3] The Board of Pardons and Paroles has, according to Green, considered him for parole on six occasions since becoming parole eligible in 2014.

Green's sixth parole review began in May 2019. Green alleged he had "exemplary" work performance and attendance. However, he alleges that Appellees Johnson and the Doe Defendants created and transmitted to the parole board false timeslips showing Green accumulated sixty-six days of unexcused absences from his law library position over a three-month period. Thereafter, Green was denied parole. He sued the Department, Johnson, and the Doe Defendants alleging negligence, libel, and denial of due process, and sought money damages and declaratory and injunctive relief. The Department was served, but Johnson and the Doe Defendants were not.

In January 2020, the Department answered and filed a Chapter 14 motion to dismiss. Green filed an amended petition in February 2020; in May 2020, he filed motions for default judgment and partial summary judgment. His attempted interlocutory appeal

---

[3] A "certificate of work history" attached to Green's original petition as an exhibit, and incorporated by reference into his live petition, states that Green, "successfully maintained a continuous, full-time work assignment as library assistant for twenty months from August 2, 2017 through May 7, 2019[.]"

2

of the order denying his motion for partial summary judgment was denied for want of jurisdiction in November 2020.[4]

The Department refused to answer written discovery served by Green; apparently relying on Civil Practice and Remedies Code section 14.003(d).[5] Green filed a motion to compel discovery responses; the trial court held a hearing on March 5, 2021. During the same proceeding, the trial court conducted a non-evidentiary hearing of the Department's motion to dismiss. At the conclusion of the hearing, relying on section 14.003(d), the trial court denied Green's motion to compel. By written order signed March 8, 2021, the court dismissed with prejudice all of Green's claims as to all parties, finding them frivolous.[6] This appeal followed.

Analysis

I. Timeliness of Trial Court Ruling

Green first argues the trial court's ruling on the Department's motion to dismiss was untimely and thus "invalid" because it was signed more than forty-five days after the motion was filed. Green's purported basis for this limitations-type argument is Government Code section 22.004(g) which provides:

> The supreme court shall adopt rules to provide for the dismissal of causes of action that have no basis in law or fact on motion and without evidence. The rules shall provide that the motion to dismiss shall be granted or denied

---

[4] *Green v. Tex. Dep't of Criminal Justice,* No. 07-20-00291-CV, 2020 Tex. App. LEXIS 9182 (Tex. App.—Amarillo Nov. 23, 2020, no pet.) (per curiam) (mem. op.).

[5] Upon filing a motion to dismiss under Chapter 14, a trial court is required to "suspend discovery relating to the [inmate's] claim pending the hearing." TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(d).

[6] As noted, Johnson and the Doe Defendants were not served with process. Chapter 14, however, expressly authorizes dismissal of a suit before service of process. TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a).

3

within 45 days of the filing of the motion to dismiss. The rules shall not apply to actions under the Family Code.

TEX. GOV'T CODE ANN. § 22.004(g). The "motion to dismiss" referenced in section 22.004(g) is intended for motions brought under Texas Rule of Civil Procedure 91a. *Guillory v. Seaton, LLC,* 470 S.W.3d 237, 248 (Tex. App.—Houston [1st Dist.] 2015, pet. denied) ("Rule 91a was adopted by the Texas Supreme Court pursuant to Government Code section 22.004(g)."); TEX. R. CIV. P. 91a cmt. 2013 ("Rule 91a is a new rule implementing section 22.004(g) of the Texas Government Code . . . ."). Green has presented no authority, nor does any exist, supporting his argument that the forty-five-day period identified in section 22.004(g) imposes a deadline for a trial court to rule in a Chapter 14 case. In fact, motions under Rule 91a are expressly excepted from Chapter 14 cases. *See* TEX. R. CIV. P. 91a(1).

In a sub-issue, Green argues the trial court denied him Due Course of Law when it failed to first rule on his motion to compel before considering the Department's motion to dismiss. Green does not point to, nor do we find, a location in the record establishing that he timely presented this constitutional complaint to the trial court and obtained an adverse ruling. Moreover, Green fails to support his argument with citation to authorities or substantive legal analysis. This argument is therefore waived. TEX. R. APP. P. 33.1(a); TEX. R. APP. P. 38.1(i).

II. Motion to Compel

Second, Green argues the trial court abused its discretion by denying his motion to compel responses to his discovery requests. An appellate court reviews a trial court's ruling on a motion to compel discovery for abuse of discretion. *In re Estate of Bryant,* No.

4

07-18-00429-CV, 2020 Tex. App. LEXIS 2131, at *37 (Tex. App.—Amarillo Mar. 11, 2020, no pet.) (mem. op.).

At the conclusion of the March 5 hearing, the trial court made the following verbal ruling on Green's motion to compel:

> [A]s far as the motion to compel, the Court is going to deny that motion. A plain reading of the Civil Practice and Remedies Code Section 14.003(d) indicates that on the filing of a motion under Subsection (c), the Court shall suspend discovery, so I don't think that I have any discretion to grant a motion to compel under these circumstances.

On appeal, Green argues that because the Department did not request a hearing of its motion to dismiss until months after he served written discovery requests, he should not have been denied discovery. Implicit in Green's argument is the assumption that discovery is not suspended until the hearing on the motion to dismiss is *scheduled*. However, the plain language of section 14.003(d) makes clear that the court shall suspend discovery relating to the claim "[o]n the *filing* of a motion under Subsection (c)." TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(d) (emphasis added). A hearing is optional. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a); *Catt v. Delozier,* No. 14-16-00524-CV, 2017 Tex. App. LEXIS 5025, at *8, *13–14 (Tex. App.—Houston [14th Dist.] June 1, 2017, pet. denied) (mem. op.) (noting in Chapter 14 proceeding where inmate's suit was dismissed as frivolous without a hearing, requests for admissions served by the inmate did not require a response because discovery was suspended upon the filing of the motion to dismiss).

As further argument, Green again contends the trial court's ruling disregards legislative intent which, citing Government Code section 22.004(g), requires a ruling on the motion to dismiss within forty-five days. We have already concluded that section

5

22.004(g) does not create a limitation period for disposition of a Chapter 14 motion to dismiss. The Department filed its motion to dismiss on July 20, 2020. By the time Green had served discovery requests in October and November 2020, discovery related to his claims had been suspended. Thus, the trial court did not abuse its discretion by denying Green's motion to compel.

III. Chapter 14 Dismissal

In his remaining issues, Green attacks the trial court's possible reasons for dismissing his claims under Chapter 14. Chapter 14 permits dismissal of a frivolous or malicious claim when (1) the claim's realistic chance of ultimate success is slight; (2) the claim has no arguable basis in law or in fact; (3) it is clear that the party cannot prove facts in support of the claim; or (4) the claim is substantially similar to a previous claim filed by the inmate because the claim arises from the same operative facts. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(b). We review this question de novo. *Id.* In doing so, we accept as true the allegations of Green's petition and review the alleged types of relief and causes of action to determine whether, as a matter of law, the petition states a cause of action authorizing relief. *See Hamilton,* 298 S.W.3d at 339.

By his third issue, Green argues he complied with Chapter 14's procedural prerequisites, such as submitting an affidavit relating to previous filings (*see* section 14.004) and exhaustion of administrative remedies (*see* section 14.005). However, Green fails to recognize that his suit was dismissed for a different reason. In the judgment's decretal language, the trial court ordered, "It is therefore ORDERED that Plaintiff's entire suit is DISMISSED AS FRIVOLOUS and with prejudice." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a)(2) (permitting trial court to dismiss a claim if the

6

court finds "the claim is frivolous or malicious"); *Hamilton,* 298 S.W.3d at 339. Unlike dismissals due to the failure to comply with Chapter 14's procedural requirements, a dismissal with prejudice is proper if based on a conclusion that the inmate's claim has no arguable basis in law. *Williams,* 298 S.W.3d at 340. Nothing in the record demonstrates the trial court rendered the judgment as it did because of Green's failure to comply with the required procedural filings.

Fourth, Green argues the trial court's dismissal of his suit was in error because the tortiously inflicted personal injuries he alleges were proximately caused by the wrongful conduct of Johnson and the Doe Defendants, for which the Department is vicariously liable. Sovereign immunity, Green reasons, was waived under section 101.021(2) of the Texas Tort Claims Act (TTCA),[7] which provides in relevant part: "A governmental unit in the state is liable for . . . personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law." TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(2).

This is a summary of Green's logic: the timeslips prepared by Johnson and submitted to the parole board by the Doe Defendants existed in a tangible form (i.e., on paper). Because of the "condition" and "use" of the timeslips (i.e., containing false information was submitted as evidence for the board's parole determination), Green contends he was denied parole and suffered mental anguish damages. Ergo, according to Green, the trial court erred in concluding his personal injury claims were frivolous

---

[7] *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 101.001-.109.

because his lawsuit seeks recompense for injuries sustained due to the condition or use of tangible personal property.

We disagree with Green's analysis. To begin, we point out that even if it was applicable, the TTCA is not a substantive right or cause of action; "it merely waives sovereign immunity as a bar to a suit that would not otherwise exist." *City of Tyler v. Likes*, 962 S.W.2d 489, 494 (Tex. 1997). Moreover, we disagree with Green's contention that his claims would fall within the scope of tangible personal property waiver. Certainly, a paper timeslip is a tangible item. But Green's complaint is not that the condition or use of that paper was the instrumentality of his injury. Rather, Green's complaint is that the allegedly false information recorded on the paper was transmitted to the parole board, resulting in denial of parole and mental anguish. Our state's Supreme Court has previously held that unlike the paper upon which it may be recorded, information contained within a record is "intangible" because it "is an abstract concept, lacking corporeal, physical, or palpable qualities." *Univ. of Tex. Med. Branch at Galveston v. York*, 871 S.W.2d 175, 179 (Tex. 1994). "[T]he fact that information is recorded in writing does not render the information tangible property." *Dallas County v. Harper*, 913 S.W.2d 207, 207–208 (Tex.1995) (per curiam) (citing *York*, 871 S.W.2d at 179) (explaining why under the TTCA, "simply reducing information to writing on paper does not make the information 'tangible personal property.'"). *See also Zawislak v. Tex. A&M Univ. Health Sci. Ctr.,* No. 10-18-00038-CV, 2021 Tex. App. LEXIS 5065, at *17–18 (Tex. App.—Waco June 23, 2021, no pet) (mem. op.) (holding in case where plaintiff alleged injury was caused by defendant's misevaluation due to using an incorrect standard, the core of plaintiff's complaint was misuse of information which is not a claim based on a condition or use of tangible personal property).

8

Because Green's personal injury claims do not come within the TTCA's section 101.021(2) waiver of immunity, the trial court did not err in concluding those claims have no basis in law and are therefore frivolous under Chapter 14.

Green's final issue is murky. Read liberally in Green's favor as a pro se litigant, we interpret the argument to be that the transmittal of allegedly false, material information to the parole board denied Green the due process right of a fair parole board investigation and hearing. Green claims that specified statutes and a rule[8] create a protectable liberty interest in a fair parole investigation and hearing unobstructed by false information supplied by the Department.

"The protections of the Due Process Clause are only invoked when State procedures which may produce erroneous or unreliable results imperil a protected liberty or property interest." *Johnson v. Rodriguez,* 110 F.3d 299, 308 (5th Cir. 1997). However, Green fails to identify a protectable liberty interest to parole. In Texas, parole is the discretionary and conditional release of an eligible inmate. Whether an inmate will actually obtain parole is "entirely speculative."[9] *Boone v. Gutierrez,* No. 03-16-00259-CV, 2017 Tex. App. LEXIS 6588, at *2 (Tex. App.—Austin July 19, 2017, no pet.) (mem. op.) (cleaned up). "Therefore, Texas law does not create a liberty interest in being released on parole that is protected by the Due Process Clause, and Texas prisoners have no constitutional expectation of release on parole." *Id.* (cleaned up). Because Texas prisoners have no protected liberty interest in obtaining parole, they are therefore not

---

[8] *See* TEX. GOV'T CODE ANN. §§ 508.082, 508.141(a), 508.142(a), and 508.145(d)(1); 37 TEX. ADMIN. CODE § 145.3(1).

[9] *See* 37 TEX. ADMIN. CODE § 145.3(1) ("Release to parole is a privilege, not an offender right, and the parole decision maker is vested with complete discretion to grant, or to deny parole release as defined by statutory law.").

permitted to "mount a challenge against any state parole review procedure on procedural (or substantive) Due Process grounds." *Johnson,* 110 F.3d at 308 (applying Texas law).[10]

Because Green has no protected liberty interest in obtaining release to parole, there exists no basis for claiming the violation of such an interest due to the allegedly inaccurate information recorded by Johnson or transmitted by the Doe Defendants. *See Johnson,* 110 F.3d at 308 ("Johnson's allegations that the [Texas Board of Pardons and Paroles] considers unreliable or even false information in making parole determinations, without more, simply do not assert a federal constitutional violation."); *Orellana v. Kyle,* 65 F.3d 29, 32 (5th Cir. 1995) (per curiam) (concluding, in case where inmate *inter alia* alleged the Texas Board of Pardons and Paroles considered "admittedly false" information to deny parole, "[i]t follows that because [plaintiff] has no liberty interest in obtaining parole in Texas, he cannot complain of the constitutionality of procedural devices attendant to parole decisions."). Green's issue is overruled.

## Conclusion

Having overruled each of Green's issues preserved for our review, we affirm the judgment of the trial court.

Lawrence M. Doss
Justice

---

[10] To the extent that Green is arguing the Department violated his liberty interests by allegedly failing to comply with the State's parole determination procedures, we likewise reject the argument. *See Brandon v. D.C. Bd. of Parole*, 262 U.S. App. D.C. 236, 823 F.2d 644, 649 (1987) ("we hold that the procedures adopted by the state to guide its parole release determinations are not themselves liberty interests entitled to constitutional due process protection.").