# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 13, 2008

Charles R. Fulbruge III
Clerk

No. 07-20672
Summary Calendar

WAYNE E. WILLIAMS,

Plaintiff-Appellant,

v.

COUNTRYWIDE HOME LOANS, INC., also known as Countrywide Funding
Corporation, Inc.; BANKER'S TRUST CORPORATION OF CALIFORNIA;
and DEUTSCHE BANK NATIONAL TRUST CO., also known as Deutsche
Asset Management,

Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Texas
No. 4:06-cv-2874

Before SMITH, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

    After Deutsche Bank National Trust Co. ("Deutsche Bank") foreclosed on Appellant Wayne E. Williams' property, Williams filed a pro se lawsuit alleging violation of numerous consumer protection statutes. The district court granted summary judgment to the defendants on all claims.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Williams argues on appeal that the party that authorized the foreclosure sale lacked authority to do so. As the sole basis for this argument, Williams contends that there are contradictions in Defendants' summary judgment evidence, namely one document that correctly shows that the loan was owned by Vendee Mortgage Trust 1995-3 and other documents that reference Deutsche Bank as trustee for Vendee Mortgage Trust 1994-2 (rather than 1995-3). Williams contends that the district court erred in finding that the incorrect numbers in Defendants' documents were mere clerical or typographical errors that did not prevent Deutsche Bank from lawfully foreclosing.

We review the district court's grant of summary judgment de novo. United States v. Lawrence, 276 F.3d 193, 195 (5th Cir. 2001). The district court noted uncontradicted evidence that Deutsche Bank was the trustee for both Vendee Mortgage Trust 1995-3 and Vendee Mortgage Trust 1994-2. The typographical errors did not change the fact that Deutsche Bank was the trustee with power to foreclose on Williams' property, and it was Deutsche Bank that authorized the foreclosure sale. The district court found that the foreclosure notice and sale were not defective and held that the apparent clerical or typographical errors in the foreclosure documents did not deprive Williams of the due process afforded to debtors under the Texas Property Code. Williams has cited to no evidence or authority that the incorrect numbers were anything other than typographical errors, that the errors harmed him, or made any difference whatsoever in the foreclosure process, or that this type of error entitles him to any legal relief.

Accordingly, the district court's judgment is AFFIRMED.