# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 31, 2012

No. 11-10570
Summary Calendar

Lyle W. Cayce
Clerk

DAVID MASON MONTGOMERY,

Plaintiff–Appellant

v.

WELLS FARGO BANK, N.A.; HSBC BANK USA, as Trustee for Nomura
Acceptance Corporation Mortgage Pass Through Certificates Series
2005-AP3,

Defendants–Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:10-CV-1684

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

David Montgomery ("Montgomery") appeals the district court's order
granting summary judgment to Wells Fargo Bank and HSBC Bank USA
(collectively, the "Appellees") and the denial of Montgomery's Federal Rule of
Civil Procedure 59(e) motion to alter or amend the judgment in this breach of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 11-10570

contract action arising from the Appellees' foreclosure on Montgomery's residence.  We affirm the district court's orders.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

In 2005, Montgomery entered into a residential mortgage loan transaction with GreenPoint Mortgage Funding, Inc.  The loan was later assigned to Wells Fargo.  Sometime after executing the loan, Montgomery stopped making the required payments.  On January 11, 2010, Brice, Vander Linden & Wernick, P.C., ("BVW") acting as substitute trustee for Wells Fargo, filed a trustee's deed in the Dallas County Deed Records, indicating Montgomery's property had been sold at foreclosure on January 5.  BVW sold the property to appellee HSBC Bank USA as trustee for Nomura Asset Acceptance Corporation Mortgage Pass-Through Certificates Series 2005-AP3 ("HSBC").

In February 2010, Montgomery filed this action in Texas state court, alleging claims for breach of contract, negligent and willful misrepresentation, violations of the Texas Theft Liability Act ("TTLA"), Tex. Civ. Prac. & Rem. Code Ann. § 134.001, *et seq.* (West 2011), the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and seeking a declaratory judgment that Wells Fargo failed to provide notice as required under the terms of the Deed of Trust and Tex. Prop. Code Ann. § 51.002 (West 2007 & Supp. 2010).  Appellees removed the case to federal district court based on diversity of citizenship and moved for summary judgment.  On April 12, 2011, the district court granted Appellees' motion, disposing of all of Montgomery's claims.

On May 9, 2011, Montgomery filed a motion for reconsideration, which he amended on May 10.  In these motions, Montgomery brought several new claims not in his original state court petition and requested leave to amend his petition.  On May 16, 2011, the district court issued an order denying Montgomery's motion for reconsideration.  The district court denied Montgomery's motion to reconsider, treating it as a Rule 59(e) motion to alter or amend a judgment.

## II.  STANDARDS OF REVIEW

We review a district court's grant of summary judgment *de novo*, applying the same standards as the district court.  *Hernandez v. Yellow Transp., Inc.*, 641 F.3d 118, 124 (5th Cir. 2011).  Summary judgment is appropriate where the movant shows that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law.  *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); Fed. R. Civ. P. 56(a)).  In reviewing the record, all facts and inferences are construed in the light most favorable to the non-movant.  *Id.*  However, "[i]f the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, then there is no genuine issue for trial."  *Id.* (internal quotation marks omitted).

The applicable standard of review of a denial of a motion to reconsider pursuant to Fed. R. Civ. P. 59(e) is "dependent on whether the district court considered materials attached to the motion which were not previously provided to the court."  *Templet v. HydroChem Inc.*, 367 F.3d 473, 477 (5th Cir. 2004).  If the materials were considered and the district court still granted summary judgment, the appropriate appellate standard of review is de novo.  *Id.*  However, if the district court refused to review the materials, as here, the appropriate standard is abuse of discretion.  *Id.*; *Ford Motor Credit Co. v. Bright* 34 F.3d 322, 324 (5th Cir. 1994).

## III.  DISCUSSION

### A.    Motion for Summary Judgment

Montgomery's primary theories of relief revolve around his allegations that Wells Fargo breached the terms of the Deed of Trust and Tex. Prop. Code Ann. §51.002 by failing to comply with the notice requirements prior to

No. 11-10570

acceleration and failing to file, post, and provide notice prior to the foreclosure sale.[1]

Regarding Montgomery's claim that Wells Fargo failed to provide adequate notice prior to acceleration, Appellees maintain that they properly notified Montgomery that the loan was in default and subject to acceleration. In support, they provided a letter sent to Montgomery on May 10, 2009, stating that the loan was in default, that the mortgage would be accelerated unless delinquent payments were made by June 9, 2009, detailing the amount of the arrearage, and warning that failure to cure the default would result in foreclosure. This qualifies as notice of acceleration under the terms of the Deed of Trust. For summary judgment, the initial burden falls on the movant to identify areas essential to the non-movant's claim in which there is an "absence of genuine issues of material fact." *Lincoln Gens. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005). By offering the letter sent to Montgomery on May 10, Appellees have met their burden. Further, Montgomery has failed to designate specific facts showing that there is a genuine issue of material fact. *See Littlefield*, 268 F.3d at 282 (requiring a non-moving party to "go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial"). Accordingly, the district court properly granted Appellees' motion for summary judgment as to Montgomery's notice of acceleration claims.

---

[1] Montgomery's original petition also contained claims for misrepresentation, civil theft, violations of the FDCPA, and seeking a declaratory judgment. The district court correctly granted Appellees' motion for summary judgment on these claims. Montgomery failed to address the misrepresentation claims in his summary judgment response. *See Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001) (requiring a non-moving party to "go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial."). Montgomery's civil theft claim cannot stand because the Deed of Trust establishes that Montgomery consented to foreclosure as a remedy in the event of a default. His FDCPA claim fails because mortgage lenders are not "debt collectors" within the meaning of the FDCPA. *Williams v. Countrywide Home Loans, Inc.*, 504 F. Supp. 2d 176, 190 (S.D. Tex. 2007) *aff'd*, 269 F. A'ppx 523 (5th Cir. 2008). Finally, Montgomery is not entitled to a declaratory judgment because it is predicated on claims disposed of in this opinion.

No. 11-10570

Regarding Montgomery's claim that Wells Fargo failed to provide adequate notice and posting prior to foreclosure, Appellees contend that they complied with the notice requirements of the Deed of Trust and Texas Property Code. Appellees provided a letter giving notice of foreclosure sale which was sent to Montgomery on December 7, 2009, and filed with the Dallas County Clerk's office on December 14. The sale took place on January 5 and Appellees maintain that it fully complied with § 51.002, because notice of the foreclosure sale was filed with the county clerk's office at least 21 days before sale. The fact that Montgomery's February 22, 2010 search of the record failed to produce the notice of sale does not prove that Wells Fargo failed to comply with § 51.002 because under § 51.002(f) the clerk is permitted to dispose of the notice after the date of sale has passed. As with Montgomery's notice of acceleration claim above, Appellees have pointed to the absence of an essential element of Montgomery's notice of foreclosure claim, *Lincoln*, 401 F.3d at 349, and Montgomery has failed to point to specific facts which would create a genuine issue of fact, *Littlefield*, 268 F.3d at 282. Because the evidence shows that there is no issue of material fact as to Montgomery's notice of foreclosure claims, the district court properly granted Appellees' motion for summary judgment.

**B.     Motion to Reconsider**

A Rule 59(e) motion "calls into question the correctness of a judgment." *Templet*, 367 F.3d at 479 (quoting *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). We have held that such a motion is not the proper place for "rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id.* Instead, Rule 59(e) serves the purpose of "allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)). A Rule 59(e) motion used to present newly discovered evidence should be granted only if "(1) the facts discovered are of such a nature

5

No. 11-10570

that they would probably change the outcome; (2) the facts alleged are actually newly discovered and could not have been discovered earlier by proper diligence; and (3) the facts are not merely cumulative or impeaching." *Infusion Res., Inc. v. Minimed, Inc.*, 351 F.3d 688, 696–97 (5th Cir. 2003) (citation omitted).

We have held that an unexcused failure to provide available evidence at the time of summary judgment is grounds for denying a subsequent motion for reconsideration. *Templet*, 367 F.3d at 479 (citing *Russ v. Int'l Paper Co.*, 943 F.2d 589, 593 (5th Cir. 1991)). Here, Montgomery failed to provide an explanation as to why the materials in his motion to reconsider could not have been brought prior to summary judgment. Therefore, the district court did not abuse its discretion in denying Montgomery's motion to reconsider.[2]

## IV.  CONCLUSION

Because Montgomery failed to raise a genuine issue of material fact and failed to provide an explanation as to why the materials presented in his motion to reconsider could not have been raised prior to summary judgment, we affirm the district court's order granting Appellees' motion for summary judgment and its denial of Montgomery's Rule 59(e) motion to alter, amend, or reconsider.

AFFIRMED.

---

[2] Montgomery also sought to amend his trial-court pleadings to add various claims. The district court implicitly denied his motion for leave to amend his pleadings when it denied his Rule 59(e) motion. *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994). We review a district court's denial of leave to amend for abuse of discretion. *Wilson v. Bruks-Klockner, Inc.*, 602 F.3d 363, 368 (5th Cir. 2010). The decision is left to the sound discretion of the district court and will only be reversed on appeal when that discretion has been abused. *ISystems v. Sparks Networks, Ltd.*, 428 F. A'ppx 368, 374–75 (5th Cir. 2011). Here, Montgomery's motion to amend his claims was filed after final judgment was entered dismissing all claims. In this case, the district court did not abuse its discretion in denying Montgomery's motion for leave to amend his pleadings.