

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-17-00069-CV

Nancy **ALANIS**,
Appellant

v.

**WELLS FARGO BANK NATIONAL ASSOCIATION**, as Trustee for the Pooling and
Servicing Agreement Dated as of October 1, 2006 Securitized Asset-Backed Receivables LLC
Trust 2006-NC3 Mortgage Pass-Through Certificates Series 2006NC3, et al.,
Appellees

From the 45th Judicial District Court, Bexar County, Texas
Trial Court No. 2011-CI-02839
Honorable Barbara Hanson Nellermoe, Judge Presiding

Opinion by:     Sandee Bryan Marion, Chief Justice

Sitting:        Sandee Bryan Marion, Chief Justice
                Karen Angelini, Justice
                Patricia O. Alvarez, Justice

Delivered and Filed:  April 4, 2018

AFFIRMED

Nancy Alanis appeals a series of orders signed by the trial court culminating in a final

judgment, including orders denying pleas to the jurisdiction, granting special exceptions, and

granting and denying motions for summary judgment. We affirm the trial court's judgment.

## BACKGROUND[1]

In June of 2006, Alanis borrowed $193,500 from New Century Mortgage Company to purchase a house. Alanis signed a note secured by a deed of trust.

New Century declared bankruptcy, and Alanis's note and deed of trust lien became assets of New Century's bankruptcy estate which were subsequently transferred and assigned to Wells Fargo Bank National Association, as Trustee for the Pooling and Servicing Agreement Dated October 1, 2006 Securitized Asset Backed Receivables LLC Trust 2006–NC3 Mortgage Pass Through Certificates Series 2006 NC3. Initially, HomeEq Servicing Corporation serviced the loan for Wells Fargo. In April of 2010, HomeEq sent Alanis notice of a substitute trustee's sale scheduled for June 1, 2010; however, the foreclosure was subsequently suspended. Effective August 31, 2010, the servicing of the loan was transferred to Ocwen Loan Servicing, LLC.

On December 8, 2010, Ocwen sent Alanis a notice of default with intent to accelerate. In January of 2011, Mackie Wolf Zientz & Mann, P.C., a law firm representing Ocwen (the "Law Firm"), sent Alanis notice of Wells Fargo's acceleration and intent to foreclose.

In response to the notice, in February of 2011, Alanis filed the underlying lawsuit alleging multiple causes of action against Wells Fargo, HomeEq, Ocwen, and the Law Firm. Wells Fargo filed a counterclaim seeking a judicial foreclosure.

On May 6, 2011, Alanis took a default judgment against HomeEq. Wells Fargo, the Law Firm, and Ocwen then obtained a series of orders in their favor relating to various claims asserted by Alanis, culminating in an order dated March 3, 2016 which (1) granted Wells Fargo a summary judgment on its counterclaim for a judicial foreclosure, (2) declared that Alanis take nothing on

---

[1] We substantially rely on the factual background contained in this court's opinion in *Alanis v. Wells Fargo Bank Nat'l Ass'n*, No. 04-16-00121-CV, 2016 WL 7234047 (Tex. App.—San Antonio Dec. 14, 2016, no pet.) (mem. op.)

certain claims, and (3) stated the judgment fully and finally disposed of all remaining parties and claims.

On April 1, 2016, Barclays Capital Real Estate, Inc. filed a motion to set aside the default judgment against HomeEq, alleging HomeEq's assets, including the right to use the name "HomeEq Servicing," were sold to Barclays in 2006. Barclays argued the May 6, 2011 default judgment against a party identified as "HomeEq Servicing Corporation" was obtained after improper service. On May 12, 2016, the trial court signed an order setting aside the default judgment against HomeEq and severed Alanis's claims against HomeEq into a separate cause.

On December 14, 2016, this court issued an opinion holding the trial court erred in severing Alanis's claims against HomeEq. *See Alanis*, 2016 WL 7234047, at \*2. We reversed the order granting the severance and remanded the cause for further proceedings. *See id.* After the cause was remanded, Barclays filed a motion for summary judgment which was granted by the trial court. As previously noted, Alanis appeals numerous orders that culminated in a final judgment, including orders denying her pleas to the jurisdiction, granting special exceptions, and granting and denying motions for summary judgment.

### PLEAS TO THE JURISDICTION

In her first and second issues, Alanis challenges the trial court's orders denying her pleas to the jurisdiction. Alanis contends the trial court erred in denying her pleas because: (1) Wells Fargo lacked standing to seek a foreclosure because the transfer or assignment of lien from New Century to Wells Fargo was void; and (2) Wells Fargo's right to foreclose was barred by limitations.

A.      Standard of Review

We review a trial court's ruling on a plea to the jurisdiction de novo. *Sampson v. Univ. of Tex. at Austin*, 500 S.W.3d 380, 384 (Tex. 2016). If the plea to the jurisdiction challenges the

pleadings, we liberally construe the pleadings to determine if the plaintiff "has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause." *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). If the plea to the jurisdiction challenges the existence of jurisdictional facts, "we consider relevant evidence submitted by the parties to determine if a fact issue exists." *Suarez v. City of Tex. City*, 465 S.W.3d 623, 632–33 (Tex. 2015). "We take as true all evidence favorable to the nonmovant, indulge every reasonable inference, and resolve any doubts in the nonmovant's favor." *Id.* at 633. "If the evidence creates a fact question regarding jurisdiction, the plea must be denied pending resolution of the fact issue by the fact finder." *Id.* "If the evidence fails to raise a question of fact, however, the plea to the jurisdiction must be granted as a matter of law." *Id.*

B.      Standing

With regard to Wells Fargo's standing, Alanis recognizes in her brief that she only had standing to challenge the assignment from New Century to Wells Fargo on grounds that would render the assignment void. *Vasquez v. Deutsche Bank Nat'l Trust Co., N.A.*, 441 S.W.3d 783, 787 (Tex. App.—Houston [1st Dist.] 2014, no pet.); *Reinagel v. Deutsche Bank Nat'l Trust Co.*, 735 F.3d 220, 225 (5th Cir. 2013). Alanis does not have standing to challenge the assignment on any ground that "merely renders the assignment voidable at the election of the assignor." *Reinagel*, 735 F.3d at 225.

In her brief, Alanis uses the word "forgery" in an effort to present an argument that would cause the assignment from New Century to Wells Fargo to be void. *See Vasquez*, 441 S.W.3d at 789 (recognizing forgery would render assignment void). Examining the actual bases on which Alanis claims the assignment was forged, however, reveals that Alanis claims the assignment was forged based on the timing of the assignment and indorsement and the authority of those who signed the assignment and indorsement. The execution of a document by a person who lacks

- 4 -

authority renders the document voidable, not void. *Reinagel*, 735 F.3d at 226; *Uribe v. Carrington Mortg. Servs., LLC*, No. 04-16-00060-CV, 2017 WL 603648, at *3 (Tex. App.—San Antonio Feb. 15, 2017, no pet.) (mem. op.). Similarly, whether the timing of the assignment violated some deadline in an agreement governing the assignment or was otherwise unauthorized would render the assignment voidable, not void. *Reinagel*, 735 F.3d at 228 (holding "facially valid assignment cannot be challenged for want of authority except by defrauded assignor"); *Uribe*, 2017 WL 603648, at *3 (assignment in violation of terms of agreement pursuant to which assignment was made "would not render the assignment void"). Because Alanis does not present any argument that would render the assignment from New Century to Wells Fargo void, she does not have standing to challenge the assignment to Wells Fargo, and the facially valid assignment establishes Wells Fargo's standing to foreclose.

C.      Limitations

Alanis next contends the trial court erred in denying her plea to the jurisdiction because Wells Fargo's right to foreclose was barred by limitations. In making this argument, Alanis relies on the notice of substitute trustee's sale sent by HomeEq in April of 2010, and argues Wells Fargo's counterclaim seeking judicial foreclosure was barred by the four-year statute of limitations.

A suit for a foreclosure of a real property lien must be brought no later than four years after the day the cause of action accrues. TEX. CIV. PRAC. & REM. CODE ANN. § 16.035 (West 2002). The cause of action accrues upon the acceleration of the maturity date of the debt secured by the real property lien. *See Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex. 2001); *Khan v. GBAK Props., Inc.*, 371 S.W.3d 347, 353 (Tex. App.—Houston [1st Dist.] 2012, no pet.). "Even when a noteholder has accelerated a note upon default, the holder can abandon acceleration if the holder continues to accept payments without exacting any remedies available to

it upon declared maturity." *Holy Cross Church of God in Christ*, 44 S.W.3d at 566-67; *Biedryck v. U.S. Bank Nat'l Ass'n*, No. 01-14-00017-CV, 2015 WL 2228447, at *4 (Tex. App.—Houston [1st Dist.] May 12, 2015, no pet.) (mem. op.) (holding lender abandoned acceleration by accepting payments and taking no affirmative steps to foreclose); *Karam v. Brown*, 407 S.W.3d 464, 473-74 (Tex. App.—El Paso 2013, no pet.) (holding lender abandoned acceleration by accepting payments on note).

In this case, Alanis attached to her pleadings a letter from her attorney dated December 21, 2010, in which Alanis's attorney acknowledged that Alanis's payments were accepted for the months of October, November, and December of 2010, which was after the April 2010 acceleration notice. The letter further acknowledged that Ocwen sent Alanis a letter in December of 2010, stating it would accept less than the full accelerated amount "to bring the account current." Accordingly, the trial court did not err in denying the plea because the evidence presented by Alanis established Wells Fargo abandoned the April 2010 acceleration by accepting subsequent payments and not taking affirmative steps to foreclose.

D.      Conclusion

Alanis's first and second issues are overruled.

### MARCH 3, 2016 SUMMARY JUDGMENT

In her third and fourth issues, Alanis challenges the trial court's March 3, 2016 order granting a motion for partial summary judgment filed by Wells Fargo and Ocwen. The order sustains twenty objections to summary judgment evidence produced by Alanis, orders that Alanis take nothing on her claims for violations of the Real Estate Settlement Procedures Act ("RESPA") and section 51.002(d) of the Texas Property Code, and grants Wells Fargo a judicial foreclosure.

We review a trial court's order granting summary judgment de novo. *Cmty. Health Sys. Prof'l Servs. Corp. v. Hansen*, 525 S.W.3d 671, 680 (Tex. 2017). To prevail on a traditional

motion for summary judgment, the movant must show "there is no genuine issue as to any material fact and the [movant] is entitled to judgment as a matter of law." TEX. R. CIV. P. 166a(c); *see also Hansen*, 525 S.W.3d at 681. "A [no evidence] motion for summary judgment must be granted if: (1) the moving party asserts that there is no evidence of one or more specified elements of a claim or defense on which the adverse party would have the burden of proof at trial; and (2) the respondent [fails to produce more than a scintilla of] summary judgment evidence raising a genuine issue of material fact on those elements." *Sudan v. Sudan*, 199 S.W.3d 291, 292 (Tex. 2006); *see also King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003) ("More than a scintilla of evidence exists when the evidence rises to a level that would enable reasonable and fair-minded people to differ in their conclusions.") (internal quotation omitted).

Alanis's third and fourth issues are multifarious because they refer to "disregarding ex parte communications, uncontroverted expert affidavit, Wells Fargo/Ocwen lack of standing (unlawful acceleration/time-barred foreclosure/suit on the note), and Ocwen's RESPA/Texas Property Code violations" and to "granting excess relief by disposing of Wells Fargo counterclaims and appellant's claims not asserted as summary judgment grounds by appellees and sustaining appellees conclusory objections on appellant's summary judgment affidavit/exhibits entered into the record by a previous court." "'An issue is multifarious when it generally attacks [a] trial court's order with numerous arguments.'" *Martin v. Bravenec*, No. 04-14-00483-CV, 2015 WL 2255139, at *3 (Tex. App.—San Antonio May 13, 2015, pet. denied) (mem. op.) (quoting *Hamilton v. Williams*, 298 S.W.3d 334, 338 n.3 (Tex. App.—Fort Worth 2009, pet. denied)). "'We may disregard any assignment of error that is multifarious.'" *Id*. (quoting *Hamilton*, 298 S.W.3d at 338 n.3). "'Alternatively, we may consider a multifarious issue if we can determine, with reasonable certainty, the error about which complaint is made.'" *Id*. (quoting *Hamilton*, 298 S.W.3d at 338 n.3).

Some of the arguments made by Alanis in her third and fourth issues overlap the arguments made in her first and second issues. We overrule those complaints for the reasons previously stated.

Other than citing law referencing the applicable standard of review, the only law cited by Alanis is section 51.002 of the Texas Property Code and the law relating to a loan servicer's obligations under RESPA. Therefore, we address Alanis's arguments in relation to the cited law.

With regard to the notice requirement under section 51.002, Wells Fargo produced the affidavit of Ocwen's senior loan analyst, who testified the notice requirement was met.[2] *See* TEX. PROP. CODE ANN. § 51.002 (West Supp. 2017) (requiring mortgage service to provide notice of default). Alanis argues Wells Fargo was required to produce the certified mail receipts documenting the notice. Affidavits generally are considered sufficient summary judgment evidence. *See Brown v. Mesa Dist., Inc.*, 414 S.W.3d 279, 287 (Tex. App.—Houston [1st Dist.] 2013, no pet.) (holding affidavit providing detailed account of the facts is sufficient summary judgment evidence). Alanis cites no authority to support her contention that Wells Fargo was required to produce certified mail receipts. Because the affidavit produced by Wells Fargo was sufficient summary judgment evidence to establish that Wells Fargo satisfied the section 51.002 notice requirement, Alanis's complaint is overruled.

Under RESPA, a loan servicer must provide a written response acknowledging a qualified written request within five days of the servicer's receipt of the request. 12 U.S.C. § 2605(e)(1)(A). In addition, within thirty days of receiving the request, the loan servicer must: (a) make appropriate corrections to the borrower's account; (b) provide the borrower with a written explanation stating the reasons the account is correct and who the borrower may contact for further assistance; or (c)

---

[2] We note Wells Fargo also asserted in its motion that Alanis's claims based on a violation of section 51.002 "failed as a matter of law because no foreclosure sale has occurred."

provide the borrower with the information requested and provide the borrower with the person the borrower may contact for further assistance. 12 U.S.C. § 2605(e)(2)(A)-(C). "RESPA provides that servicers who fail to comply with the provisions of the statute shall be liable to borrowers for any actual damages incurred by borrowers as a result of such failure." *Geoffrion v. Nationstar Mortg. LLC*, 182 F. Supp. 3d 648, 662 (E.D. Tex. 2016) (citing 12 U.S.C. § 2605(f)(1)(A)). "The burden is on the borrower to prove that he or she incurred actual damages in order to substantiate a RESPA claim." *Id.*

Wells Fargo and Ocwen filed a no-evidence motion on Alanis's RESPA claim asserting she could produce no evidence of any actual damages. In her brief, Alanis cites her affidavit as providing evidence that she was damaged by the alleged RESPA violations. However, the trial court sustained Wells Fargo's and Ocwen's objections to Alanis's affidavit, and Alanis does not challenge that finding on appeal. "We will not consider summary judgment evidence that was excluded by the trial court unless the appellant timely and successfully challenges the evidentiary ruling." *Kuzmin v. Schiller*, No. 05-13-01394-CV, 2015 WL 150206, at *5 (Tex. App.—Dallas Jan. 8, 2015, no pet.) (mem. op.); *see also Chain Distrib. v. Am. Freightways, Inc.*, No. 04-02-00071-CV, 2003 WL 288277, at *1 n.2 (Tex. App.—San Antonio Feb. 12, 2003, no pet.) (mem. op.) (refusing to consider summary judgment affidavit where appellant did not challenge trial court's ruling sustaining objection to affidavit). Accordingly, because the trial court excluded Alanis's affidavit which is the only evidence Alanis cites as satisfying her burden of proof to produce more than a scintilla of evidence in response to the no-evidence motion, she has not demonstrated on appeal that the trial court erred in granting the no-evidence motion as to her RESPA claim.

## SPECIAL EXCEPTIONS

In her fifth and sixth issues, Alanis challenges the trial court's October 13, 2015 sustaining special exceptions filed by Wells Fargo, Ocwen, and the Law Firm. The order sustained the special exceptions to the following claims asserted by Alanis in her sixth amended original petition: (1) claims regarding the validity of the assignment from New Century to Wells Fargo; (2) claims alleging violations of section 12.002 of the Texas Civil Practice and Remedies Code; (3) claims based on limitations barring Wells Fargo's counterclaim; and (4) claims against the Law Firm.

Alanis's fifth and sixth issues are multifarious because they refer to "engaging in ex parte communications with appellees causing the rendition of improper orders from October 2015-2017, and disregarding Wells Fargo lack of standing to pursue time-barred foreclosure, plea to the jurisdiction, motion to compel and TDCA violations" and to "sustaining appellees special exceptions on appellees previously denied summary judgment grounds (i.e. attorney immunity, limitations and standing) and disregarding appellees void transfer of lien, appellant's standing to challenge void assignments, appellant's uncontroverted expert affidavit/report which relied on appellees PSA to support opinions." Because the issues are multifarious, we only consider the issues to the extent "'we can determine, with reasonable certainty, the error about which complaint is made.'" *Martin*, 2015 WL 2255139, at *3 (quoting *Hamilton*, 298 S.W.3d at 338 n.3).

With regard to the special exceptions relating to the validity of the assignment and the limitations defense, we have previously addressed the reasons Alanis lacked standing to challenge the validity of the assignment and the reasons Wells Fargo's foreclosure claim is not barred by limitations. Therefore, Alanis cannot show she was harmed by the trial court's granting of the special exceptions as to those claims.

Although Alanis's brief cites to section 12.002 of the Texas Civil Practice and Remedies Code and cases discussing that statute, Alanis does not explain the manner in which this claim was

pled in her sixth amended original petition or the special exceptions made regarding that claim. Alanis also does not argue how the trial court erred in granting the special exceptions as to that claim. Accordingly, we do not further address this complaint.

In her brief, Alanis also makes reference to "[t]he undisputed facts as to 'attorney immunity,'" which appears to relate to the special exceptions raised with regard to the claims against the Law Firm. The special exceptions challenged the claims against the Law Firm on the basis that the claims were barred by attorney immunity, citing *Cantey Hanger, LLP v. Byrd*, 467 S.W.3d 477 (Tex. 2015). Under *Cantey Hanger, LLP*, "attorneys are immune from civil liability to non-clients for actions taken in connection with representing a client in litigation." 467 S.W.3d at 481 (internal quotation omitted); *see also Alpert v. Crain, Caton & James, P.C.*, 178 S.W.3d 398, 402 (Tex. App.—Houston [1st Dist.] 2005, pet. denied) (affirming trial court order granting special exceptions and dismissing cause based on attorney immunity). "Even conduct that is wrongful in the context of the underlying suit is not actionable if it is part of the discharge of the lawyer's duties in representing his or her client." *Cantey Hanger, LLP*, 467 S.W.3d at 481 (internal quotation omitted).

In her sixth amended original petition, Alanis recognized the Law Firm was representing Ocwen. Even in her brief, Alanis recognizes the correspondence sent by the Law Firm was sent in connection with its representation of Ocwen. Although Alanis asserts she sued the Law Firm "in their capacity as a 'debt collector,'" she fails to address the broad scope of attorney immunity under the holding in *Cantey Hanger, LLP*, or explain why that holding does not apply to the actions taken by the Law Firm in its representation of Ocwen. Accordingly, Alanis has failed to establish the trial court erred in granting the special exceptions with regard to her claims against the Law Firm.

**NOVEMBER 10, 2015 SUMMARY JUDGMENT**

In her seventh issue, Alanis challenges the trial court's November 10, 2015 order granting Wells Fargo's and Ocwen's motion for partial summary judgment filed on October 19, 2015. In the motion, Wells Fargo and Ocwen moved for a traditional summary judgment on: (1) Alanis's claim that their accounting of her loan was incorrect; and (2) their defense that Alanis's claims are barred by the economic loss doctrine. Wells Fargo and Ocwen further moved for a no-evidence summary judgment on Alanis's claims for: (1) DTPA; (2) fraud; (3) intentional infliction of emotional distress; (4) unreasonable debt collection; (5) breach of contract; (6) violations of the Texas Penal Code; and (7) punitive damages. The trial court's order sustains Wells Fargo's and Ocwen's objections to Alanis's response and overrules Alanis's objections. The order granted the motion in its entirety concluding that the accounting of the loan is accurate and ordering that Alanis take nothing on the claims challenged by the no-evidence motion.

Alanis's seventh issue is multifarious because it refers to "engag[ing] in ex parte communications, sustaining appellees conclusory objections, overruling appellant's undisputed objections; striking valid appellant claims, and disregarding time barred limitations, appellant's expert affidavit/report, appellees violations of debt collection laws/RESPA and discovery abuse pursuant to TRCP 193.6." Because the issue is multifarious, we only consider the issue to the extent "'we can determine, with reasonable certainty, the error about which complaint is made.'" *Martin*, 2015 WL 2255139, at *3 (quoting *Hamilton*, 298 S.W.3d at 338 n.3).

Apart from summarizing the summary judgment motion, Alanis's response, and her objections, Alanis's brief contains no analysis of the grounds asserted in the motion or of the trial court's ruling on the motion. Alanis does not identify the elements of each of her claims Wells Fargo and Ocwen challenged in their no-evidence motion or cite specific evidence she produced

as to each of those elements. Because we cannot identify any specific error about which Alanis is complaining with reasonable certainty, we do not further address this issue. *See id.*

### NOVEMBER 18, 2014 SUMMARY JUDGMENT

In her eighth issue, Alanis challenges the trial court's November 18, 2014 order denying her motion for partial summary judgment and partially granting the counter-motion filed by Wells Fargo, Ocwen, and the Law Firm. The trial court's order granted the counter-motion as to Alanis's causes of action for alleged violations of the Texas Finance Code, Texas Debt Collection Act, and Federal Debt Collection Practices Act and dismissed those claims with prejudice.

In her brief, Alanis again raises her contention that Wells Fargo's counterclaim for judicial foreclosure was barred by limitations. For the reasons previously explained, the foreclosure claim is not barred by limitations.

The only other argument Alanis makes in her brief is that "[a]ppellees collectively violated debt collection laws causing Appellant damages." In making this argument, Alanis cites 15 U.S.C. 1692g and asserts Wells Fargo/Ocwen violated the Federal Debt Collection Practices Act by not responding "to debt dispute letters" and "never ceas[ing] collection of a debt." However, mortgage lenders and mortgage servicing companies are not "debt collectors" within the meaning of the Federal Debt Collection Practices Act. *Montgomery v. Wells Fargo Bank, N.A.*, 459 Fed. Appx. 424, 428 n.1 (5th Cir. 2012); *Sequel Group, Inc. v. Wilmington Sav. Fund Soc'y FSB*, No. 3:16-CV-02056-N (BF), 2017 WL 3704833, at *4 (N.D. Tex. June 7, 2017). Alanis also contends the Law Firm violated sections 392.304(19) and 392.101 of the Texas Finance Code; however, Alanis's argument makes global assertions that fail to explain how those provisions are applicable to a law firm representing a loan servicer. *See Cantey Hanger, LLP*, 467 S.W.3d at 481. Finally, Alanis contends Wells Fargo and Ocwen breached the deed of trust but fails to explain how such

a breach resulted in a violation of the Texas Finance Code, Texas Debt Collection Act, or Federal Debt Collection Practices Act. Accordingly, we overrule Alanis's eighth issue.

## ORDER SETTING ASIDE DEFAULT JUDGMENT

In her ninth issue, Alanis challenges the trial court's order setting aside the default judgment entered against HomeEq on May 6, 2011. In its May 12, 2016 order, the trial court found service was improper and vacated the default judgment.[3]

Alanis's ninth issue is multifarious because it refers to the trial court granting Barclays' motion to set aside the default judgment "when not a named defendant and disregarding judicial admissions, conclusory affidavit, non-compliance (RESPA/Tex. Prop Code) and where the court refused to admit appellant's uncontroverted evidence." Because the issue is multifarious, we only consider the issue to the extent "'we can determine, with reasonable certainty, the error about which complaint is made.'" *Martin*, 2015 WL 2255139, at *3 (quoting *Hamilton*, 298 S.W.3d at 338 n.3).

Although Alanis again summarizes various events and the content of various pleadings, the only error about which Alanis complains with reasonable certainty is that the trial court erred in setting aside the default judgment based on Barclays' motion because Barclays was "never a true party to the litigation."[4] In its motion and the evidence attached to the motion, however, Barclays explained that it acquired all of the assets of HomeEq Servicing Corporation on November 1, 2006, including the right to use the name "HomeEq Servicing." This acquisition was before the default judgment was entered on May 6, 2011. Based on Alanis's pleadings, the default judgment could be considered to be a judgment against Barclays through its ownership of the name "HomeEq

---

[3] As an alternative to setting aside the default judgment, Barclays requested the trial court to modify the default judgment "so that it is clear that the judgment defendant is HomeEq Servicing Corporation, and not Barclays Capital Real Estate, Inc. formerly d/b/a HomeEq Servicing."

[4] We note Alanis does not argue service of process was proper.

Servicing," This is especially true since no "HomeEq Servicing" entity was ever properly served. Therefore, Barclays could properly file the motion to set aside the default judgment.

### JANUARY 25, 2017 SUMMARY JUDGMENT

In her tenth and final issue, Alanis complains the trial court erred in granting Barclays's motion for summary judgment and in denying her motion for summary judgment. Alanis's issue is multifarious because it refers to the trial court granting Barclays' motion, denying Alanis's motion and "disregarding discovery rule, Barclays admissions, RESPA, TDCA, lack of standing, no evidence response and disposing of appellant's remaining claims not asserted." Because the issue is multifarious, we only consider the issue to the extent "'we can determine, with reasonable certainty, the error about which complaint is made.'" *Martin*, 2015 WL 2255139, at \*3 (quoting *Hamilton*, 298 S.W.3d at 338 n.3).

In her brief, Alanis does not identify the grounds upon which Barclays moved for summary judgment. Alanis also fails to explain how she could file a no-evidence motion for summary judgment on her claims for which she has the burden of proof. *See La Tier v. Compaq Computer Corp.*, 123 S.W.3d 557, 561 (Tex. App.—San Antonio 2003, no pet.) ("A no-evidence motion is appropriate when the party without the burden of proof moves for summary judgment on the basis that the party with the burden of proof at trial cannot produce legally sufficient evidence to support its theory of liability."). Although Alanis claims Barclays failed to attach certain evidence and admitted certain facts, Alanis does not explain the reason the trial court erred in granting Barclays' motion based on the absence of that evidence or the admissions. Finally, Alanis contends Barclays lacked standing to service her loan but does not explain how this argument gives rise to a claim

against Barclays.[5]  Having reviewed the arguments made by Alanis under her tenth issue, we cannot determine with reasonable certainty the error about which she is complaining.  Accordingly, we do not further address this issue.

## CONCLUSION

The trial court's judgment is affirmed.

Sandee Bryan Marion, Chief Justice

---

[5] Alanis also contends that she did not assert any claims against Barclays.  To the extent Alanis is asserting Barclays is not liable on any of her claims, she should have no complaint with the trial court granting summary judgment in Barclays's favor.