Opinion filed December 19, 2024



In The

# Eleventh Court of Appeals

_____

## No. 11-22-00349-CV
_____

**BRIAN LEE SPORN, Appellant**

**V.**

**BRYAN COLLIER ET AL., Appellees**

**On Appeal from the 106th District Court**
**Dawson County, Texas**
**Trial Court Cause No. 22-10-20999**

## M E M O R A N D U M   O P I N I O N

Appellant, Brian Lee Sporn, is an inmate confined in the Institutional Division of the Texas Department of Criminal Justice (TDCJ). Appearing pro se, he appeals the trial court's dismissal of his "complaint with jury demand" against Bryan Collier (director of TDCJ), Brian Williams (warden), Jimmy Webb (warden), Texas Tech Medical Department, Colin Richards (head of medical operations), R. Wells (LVN),

Ms. Cortez (admin. personnel), and Ms. Marshall (LVN).[1]  Appellant sued each of these defendants in their individual and official capacities, including Texas Tech Medical Department.  Appellant filed his complaint as "a civil rights action" for damages and injunctive relief under Section 1983.  *See* 42 U.S.C. § 1983.  In his complaint, Appellant alleged that the defendants acted with deliberate indifference by denying him medical care for problems he was having with his hands.  He asserted that the alleged denial of medical care violated his Eighth Amendment right to be free of cruel and unusual punishment. *See* U.S. CONST. amend. VIII.  He also asserted a common law claim for assault and battery.

Appellant filed his complaint on October 3, 2022.  On October 5, 2022, prior to any of the defendants being served with the complaint, the trial court entered an order directing the trial court clerk to forward Appellant's complaint to the Office of the Attorney General.  The trial court's order also directed the Office of the Attorney General to file as amicus curiae an "advisory" with the trial court with respect to whether Appellant had complied with the statutory requirements for an inmate filing.

The Office of the Attorney General filed its advisory on October 31, 2022.  In the advisory, the Office of the Attorney General stated that Appellant's claims were subject to Chapter 14 of the Texas Civil Practice and Remedies Code, and that Appellant had not complied with many of the filing requirements of the statute.  The Office of the Attorney General further asserted that Appellant had not filed a timely complaint.  Finally, the Office of the Attorney General contended that Appellant's claims for assault and battery were frivolous.

---

[1]We are listing the defendants as identified by Appellant in his complaint.  We note that the Office of the Attorney General suggested to the trial court that, although Appellant named "Texas Tech Medical Department" as a defendant, the entity that provides health care services through Texas Tech University is the Texas Tech University Health Sciences Center.

On November 7, 2022, the trial court signed an order dismissing Appellant's claim "with prejudice as frivolous claims." *See Gross v. Carroll*, 339 S.W.3d 718, 722 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (A trial court has discretion to dismiss an indigent inmate's claims sua sponte under Chapter 14, regardless of the status of any action taken by the defendant in seeking dismissal.). Appellant filed a notice of appeal from this order. The defendants have not entered an appearance in this appeal because they were not served with Appellant's complaint prior to dismissal.

Appellant presents one issue on appeal wherein he asserts that the trial court abused its discretion by dismissing his complaint for pleading deficiencies. He presents several arguments in connection with this issue. First, he contends that he asserted a nonfrivolous claim. Next, he asserts that he should have been afforded an opportunity to amend his pleading to correct any deficiencies. Appellant also contends that the trial court should have honored his request for a *Spears* hearing prior to dismissal. *See Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). Finally, Appellant contends that Chapter 14 is unconstitutional under the Equal Protection Clause. *See* U.S. CONST. amend. XIV, § 1. We modify and affirm.

*Analysis*

In *Sporn v. Marcantonio*, we recently noted that Chapter 14 of the Texas Civil Practices and Remedies Code was enacted in response to the amount of inmate litigation found to be frivolous and without merit. No. 11-22-00044-CV, 2023 WL 5109777, at *2 (Tex. App.—Eastland Aug. 10, 2023, no pet.) (mem. op.). Chapter 14 applies to inmate suits brought where an "affidavit or unsworn declaration of inability to pay costs is filed by the inmate." TEX. CIV. PRAC. & REM. CODE ANN. § 14.002(a) (West 2017). To preserve judicial resources, under Chapter 14, a trial court may dismiss an inmate's lawsuit for failing to comply with the

3

chapter's procedural requirements; it may also dismiss a lawsuit that is malicious or frivolous. *Id.* § 14.003(a); *Scott v. Gallagher*, 209 S.W.3d 262, 265 (Tex. App.—Houston [1st Dist.] 2006, no pet.). Because Appellant is an inmate proceeding pro se who filed a statement of inability to pay costs, this suit is governed by Chapter 14. CIV. PRAC. & REM. § 14.002(a).

We first address Appellant's contention that Chapter 14 is unconstitutional. Appellant does not cite, and we have not found, any place in the appellate record where he raised an argument to the trial court that Chapter 14 is unconstitutional. *See* TEX. R. APP. P. 33.1(a). Even constitutional complaints must be presented to the trial court to be preserved for appellate review. *See Perry v. United Servs. Auto. Ass'n*, 602 S.W.3d 915, 916 n.1 (Tex. 2020) (per curiam). Accordingly, Appellant did not preserve his constitutional complaint for appellate review.

Moreover, Texas courts have repeatedly held that Chapter 14 does not violate the Equal Protection Clause. *Sanders v. Palunsky*, 36 S.W.3d 222, 224–25 (Tex. App.—Houston [14th Dist.] 2001, no pet.); *see Hines v. Massey*, 79 S.W.3d 269, 271 (Tex. App.—Beaumont 2002, no pet.); *Thomas v. Bilby*, 40 S.W.3d 166, 170–71 (Tex. App.—Texarkana 2001, no pet.). As noted in *Sanders*, the principle of equal protection guarantees that all persons similarly situated should be treated alike, and Chapter 14 does not violate equal protection because its provisions apply to all inmate suits in which an affidavit or unsworn declaration of inability to pay costs is filed. 36 S.W.3d at 224–25. Accordingly, Appellant's claim of a constitutional violation is without merit.

Appellant's request for a *Spears* hearing is also without merit. As noted by the Waco Court of Appeals, a *Spears* hearing is a creature of federal practice and there is not a comparable provision applicable to Texas courts that requires such a hearing. *Walters v. TDCJ*, No. 10-11-00366-CV, 2012 WL 5295161, at *2 (Tex.

4

App.—Waco Oct. 25, 2012, no pet.) (mem. op.). Further, a court dismissing an inmate suit under Chapter 14 is not required to hold a hearing. *See* CIV. PRAC. & REM. § 14.003(c) ("In determining whether [to dismiss], the court *may* hold a hearing." (emphasis added)); *Hamilton v. Pechacek*, 319 S.W.3d 801, 808 (Tex. App.—Fort Worth 2010, no pet.).

We review a trial court's dismissal of a suit governed by Chapter 14 for an abuse of discretion. *Brewer v. Simental*, 268 S.W.3d 763, 767 (Tex. App.—Waco 2008, no pet.). If, as in this case, the trial court dismisses a claim without conducting a hearing, we are limited to reviewing whether the claim had an arguable basis in law. *Smith v. Tex. Dep't of Crim. Justice–Institutional Div.*, 33 S.W.3d 338, 340 (Tex. App.—Texarkana 2000, pet. denied). A claim does not have an arguable basis in law if the claim is based on a meritless legal theory or if the inmate failed to exhaust his administrative remedies. *Hamilton v. Williams*, 298 S.W.3d 334, 339 (Tex. App.—Fort Worth 2009, pet. denied). We will affirm the trial court's dismissal if it is proper under any legal theory. *See Johnson v. Lynaugh*, 796 S.W.2d 705, 706–07 (Tex. 1990).

In its advisory, the Office of the Attorney General alleged several deficiencies in Appellant's complaint with respect to Chapter 14. Those deficiencies included:

- Appellant did not file a list of previous or ongoing lawsuits as required by Section 14.004;

- Appellant did not include a copy of his inmate trust account balance at the time of filing his declaration of indigency as required by Section 14.006(f);

- Appellant did not timely file his complaint and he did not exhaust his administrative remedies in TDCJ's grievance system as required by Section 14.005; and

5

- Appellant's claim for assault and battery is frivolous because the State has not waived sovereign immunity for these claims under the Texas Tort Claims Act.

A pro se inmate proceeding *in forma pauperis* must comply with Chapter 14's procedural requirements, and the inmate's failure to do so will result in the dismissal of his suit. *See Brewer*, 268 S.W.3d at 767. Section 14.004 requires the inmate to file a separate affidavit or declaration that (1) identifies each pro se action, other than one brought under the Family Code, that he has previously brought and (2) describes those actions by providing the operative facts; the case name; the cause number; the court in which each case was filed; the parties' names; and the disposition of each case. CIV. PRAC. & REM. § 14.004(a). This supplemental filing "is an essential part of the process by which courts review inmate litigation." *Hickson v. Moya*, 926 S.W.2d 397, 399 (Tex. App.—Waco 1996, no writ). Thus, "when an inmate does not comply with the affidavit requirements of Section 14.004, the trial court is entitled to assume the suit is substantially similar to one previously filed by the inmate, and therefore, frivolous." *Bell v. Tex. Dept. Crim. Justice-Institutional Div.*, 962 S.W.2d 156, 158 (Tex. App.—Houston [14th Dist.] 1998, pet. denied); *see Hall v. Treon*, 39 S.W.3d 722, 724 (Tex. App.—Beaumont 2001, no pet.). Accordingly, a trial court may dismiss without prejudice an inmate's claim as frivolous when the inmate fails to file the affidavit or unsworn declaration that Section 14.004 requires. *See Bright v. Quarterman*, No. 10-08-00140-CV, 2010 WL 3036475, at *1 (Tex. App.—Waco Aug. 4, 2010, no pet.) (mem. op.).

Another procedural requirement for filing a Chapter 14 suit is found in Section 14.005. Under Section 14.005, before filing suit, an inmate must exhaust the remedies available through TDCJ's grievance system as established under Section 501.008 of the Texas Government Code. CIV. PRAC. & REM. § 14.005(a); TEX. GOV'T CODE ANN. § 501.008 (West 2012); *Crain v. Prasifka*, 97 S.W.3d 867,

869–70 (Tex. App.—Corpus Christi–Edinburg 2003, pet. denied). Thus, if the inmate's claim is subject to the grievance system, Section 14.005(a) requires the inmate to file with the trial court (1) an affidavit or unsworn declaration stating the date that the grievance was filed and the date the written decision was received by the inmate and (2) a copy of the written decision from the grievance system. CIV. PRAC. & REM. 14.005(a). An inmate's failure to comply with Section 14.005(a) is grounds for dismissal of his suit. *See Bright*, 2010 WL 3036475, at *1–2.

Because Appellant did not file either an affidavit or declaration of his prior pro se actions as required by Section 14.004, his suit was subject to dismissal. *See id.* Appellant's lack of compliance with Section 14.005 is not as clearcut. Appellant included a section in his complaint addressing the exhaustion of administrative remedies. However, he did not include the exact date that he filed his first grievance, instead only stating that he filed it "at the beginning of July." Further, he alleged that it had not been ruled upon prior to filing suit in October.

Because Appellant failed to comply with the requirements of Section 14.004, the trial court did not err by dismissing his suit. However, a dismissal for failure to comply the procedural requirements of Chapter 14 should be without prejudice. *Hosea v. Alamanza*, 659 S.W.3d 129, 134–35 (Tex. App.—El Paso 2022, no pet.) (*Hosea I*); *Hickman v. Adams*, 35 S.W.3d 120, 124 (Tex. App.—Houston [14th Dist.] 2000, no pet.); *see Sporn*, 2023 WL 5109777, at *3–4. Here, the trial court expressly dismissed Appellant's claims "WITH PREJUDICE AS FRIVOLOUS CLAIMS." A dismissal with prejudice is a ruling on the merits. *Hamilton*, 298 S.W.3d at 340. A dismissal of an inmate's claim with prejudice is appropriate if the dismissal is based on the conclusion that the claim has no arguable basis in law. *Id.* Accordingly, we must determine if Appellant's claims have an arguable basis in law.

7

The Office of the Attorney General correctly asserted that Appellant's claim for assault and battery is frivolous because it has no arguable basis in law. First, with respect to Appellant's claim for assault and battery against Texas Tech Medical Center/Texas Tech University Health Sciences Center and the claim against the other defendants in their official capacity, the claim is barred by the Texas Tort Claims Act (TTCA). In Texas, the TTCA is the only source for common-law recovery against a governmental unit, thus, all tort theories alleged against a governmental unit are assumed to be under and subject to the TTCA. *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 659 (Tex. 2008); *Pecan Valley Mental Health Mental Retardation Region Operating as Pecan Valley Centers for Behavioral & Developmental Healthcare v. Doe*, 678 S.W.3d 577, 585 (Tex. App.—Eastland 2023, pet. denied). The TTCA does not waive sovereign immunity for claims "arising out of assault, battery, false imprisonment, or any other intentional tort." *Texas Dep't of Pub. Safety v. Petta*, 44 S.W.3d 575, 580 (Tex. 2001); *see* CIV. PRAC. & REM. § 101.057 (West 2019); *Pecan Valley*, 678 S.W.3d at 592.

Even though a government employee may be sued in his individual capacity, the TTCA has an election of remedies provision which provides:

> If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only.

CIV. PRAC. & REM. § 101.106(f); *see Hosea v. Dominguez*, 668 S.W.3d 704, 709 (Tex. App.—El Paso 2022, pet. denied) (*Hosea II*). Thus, "[a] government employee 'is entitled to a dismissal when the plaintiff's suit (1) is based on conduct within the scope of the defendant's employment with a governmental unit and (2) could have been brought against the governmental unit under the TTCA.'"

8

*Hosea II*, 668 S.W.3d at 709 (quoting *Demar v. Garcia*, No. 13-19-00182-CV, 2020 WL 3396602, at \*2 (Tex. App.—Corpus Christi–Edinburg June 18, 2020, no pet.) (mem. op.)). Here, there is no dispute that Appellant was suing the defendants based on conduct within the general scope of their employment with the State.

Because Appellant's claim for assault and battery are for actions taken by the defendants in the scope of their employment, it could have been brought under the TTCA. *See Hosea II*, 668 S.W.3d at 709 (citing *Demar*, 2020 WL 3396602, at \*2). Thus, the election of remedies provision applies, and Appellant's claim for assault and battery against the defendants are in their official, not individual, capacities. *Id.* "Sovereign immunity, however, bars intentional tort suits against state employees while acting in their official capacities." *Id.* at 709–10 (citing *Lopez v. Serna*, 414 S.W.3d 890, 895 (Tex. App.—San Antonio 2013, no pet.)).

Additionally, the Office of the Attorney General correctly asserted that Appellant's claim for assault and battery has no arguable basis in law because it does not involve any physical contact by the defendants with Appellant. *See Huynh v. Walmart Inc.*, 30 F.4th 448, 456–57 (5th Cir. 2022) (addressing Texas law and noting that the civil causes of action for assault and battery in Texas require some level of physical contact with the plaintiff).

For the reasons identified by the Office of the Attorney General, Appellant's claim for assault and battery lacks an arguable basis in law. Accordingly, the trial court did not err in dismissing that claim with prejudice.

We do not reach the same conclusion with respect to Appellant's Section 1983 claim. An inmate seeking to establish an Eighth Amendment violation regarding medical care must allege facts showing that prison officials were deliberately indifferent to his medical needs. *Morris v. Livingston*, 739 F.3d 740, 747 (5th Cir.

2014).  Thus, Appellant's Section 1983 claim is not based on a meritless legal theory per se.[2]  *See id.*

Finally, Appellant contends that the trial court should have allowed him to cure his pleading deficiencies prior to dismissal.  This contention is relevant to the dismissal of Appellant's suit for failing to comply with the procedural requirements of Chapter 14.  Because a trial court may dismiss an action as frivolous either before or after service of process, the trial court is under no duty to suggest or recommend that an inmate amend his pleadings or other filings prior to dismissal for noncompliance with Chapter 14.  *Hickman*, 35 S.W.3d at 125 (citing *Kendrick v. Lynaugh*, 804 S.W.2d 153, 156 (Tex. App.—Houston [14th Dist.] 1990, no writ)).  Accordingly, the trial court did not err by dismissing Appellant's complaint without giving him an opportunity to remedy his omissions.  *See id.*

We sustain in part and overrule in part Appellant's sole issue on appeal.

### This Court's Ruling

We modify the trial court's order dismissing Appellant's claims to reflect that Appellant's Section 1983 claim is dismissed without prejudice.  As modified, we affirm the order of the trial court.



JOHN M. BAILEY
CHIEF JUSTICE


December 19, 2024

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

---

[2]We express no opinion on the merits of a Section 1983 claim that Appellant may pursue in the future for the denial of medical care that he asserted in his complaint at issue in this appeal.